(No. 18921.—

FRANK Z. CARSTENS, Appellant, *vs.* THE CITY OF WOOD RIVER *et al.* Appellees.

*Opinion filed October 25, 1928—Rehearing denied Dec. 11, 1928.*

Springer & Buckley, for appellant.

F. J. Manning, City Attorney, and Warnock, Williamson & Burroughs, for appellees.

Mr. Justice Farmer delivered the opinion of the court:

Appellant, Frank Z. Carstens, filed a bill in the circuit court of Madison county against the city of Wood River, the mayor and aldermen of the city, the members of the recreation board of the city, and Carl Hale, praying that the defendants and their successors be enjoined from violating the terms of the dedication of a park to the city of Wood River by maintaining and operating a pavilion, a swimming pool, bath-house and fence described in the bill; that the defendants be enjoined from permitting the swimming pool, bath-house and pavilion to remain on the park property; that they be enjoined from leasing all or any portion of the park or leasing concessions on the park property; that they be enjoined from charging, or permitting to be charged, anything for the use of the swimming pool, bath-house and pavilion or the use of the park property or any part thereof; that the defendants be enjoined from leasing the park, or any part of it, for any of the purposes mentioned, inconsistent with park purposes, and that the city and the mayor and aldermen be ordered to restore the park property to the condition it was in before the structures described in the bill were erected thereon. The defendants demurred to the bill and the court sustained the

demurrer. The complainant elected to abide by his bill and a decree was entered dismissing the same for want of equity, and he prosecuted an appeal from that decree to the Appellate Court for the Fourth District. That court transferred the case to this court on the ground that a freehold was involved and the Appellate Court had no jurisdiction.

The bill alleges that in 1914 the village (now city) of Wood River purchased, and the grantors, one Chessen and others, conveyed to the municipality, a tract of land in Wood River. The deed contained the following clause: "Said tract of land is conveyed to and accepted by said village of Wood River for park purposes, the same to be maintained as a park for said village, to be governed and controlled by the ordinances of said village for said purposes." The bill alleges the village of Wood River has since become the city of Wood River and has succeeded to all the rights of the former village. The deed from Chessen to the municipality purports to convey a tract of land containing fifteen and a fraction acres, lying between Wood River avenue on the west and Whitelaw avenue on the east. In 1919 the north half of the property was condemned and taken possession of by the school authorities for a community high school site and grounds, leaving only the south half of the tract for park purposes, which the bill alleges is 768 feet in length and 416 feet in width, 50 feet on each side of which was dedicated for street purposes under the original deed to the village. The width of the tract outside the half taken for school purposes is 316 feet, exclusive of streets. The consideration expressed in the deed from Chessen to the village was $1500 in cash and the further sum of $5331, with interest at five per cent per annum from date until paid, which sum was said to be due May 1, 1915. The bill alleges Chessen made another deed to the city of Wood River conveying and quit-claiming the same land on March 15, 1926. The deed recited that in 1914 he

conveyed the land to the village of Wood River, and further recited: "This deed is executed for the special purpose of enabling the city of Wood River to provide for the construction, equipment, conducting, maintenance and operation of a recreation center on said tract of land, including public playgrounds, swimming pool, bath-house and recreation pavilion." The bill alleges appellant is the owner, and has been for the last eleven years, of a tract of land abutting 288.78 feet on Wood River avenue and 755.79 feet on Anderson avenue, containing approximately five acres, located in the built-up portion of Wood River and suitable for subdivision and sale as building lots for residential purposes; that he owned and operated a dance pavilion on said tract; that his property lies on the west side of Wood River avenue, directly opposite the city park, which is on the east side of said avenue; that the north half of the park property is occupied by a community high school; that he has an easement in the park property giving him the right to have said property used for park purposes under the terms of the deed; that he is a citizen and tax-payer in the city of Wood River, and has the right to have the park property used in accordance with the terms of the deed to the village of Wood River; that his property is more valuable by reason of being located opposite said park than it would otherwise be; that after the city of Wood River had obtained the deed of March 15, 1926, from the grantors, defendants, in spite of repeated objections made by the complainant, have constructed, or permitted to be constructed, on the park property a swimming pool, a bath-house and a pavilion; that the part of the park devoted to the swimming pool covers an area 455 feet long and 266 feet wide and is enclosed with a wire fence about seven feet high; that the swimming pool and fenced portion are located just south of the part of the park condemned for high school purposes and adjoining Wood River avenue; that the pavilion is located just outside the fenced portion and just south

of it; that a tract 50 feet wide off the east side of the park is cindered and devoted to parking cars of persons attending the swimming pool and pavilion; that the defendants leased two refreshment concessions on the park property to Carl Hale on June 1, 1926; that Hale has been operating the concessions under the pretended lease from the city, and the authorities contemplate renewing the lease to Hale or leasing to some other person for the same purpose; that after the completion of the swimming pool the city authorities and the recreation board proceeded to operate the same, charging twenty-five cents for each use of the pool and an additional five cents for a towel and ten cents for a bathing suit; that the use of the swimming pool, bath-house, pavilion and fence prevents the use of the park property for park purposes, and when the swimming pool is not in use the enclosure is padlocked; that the swimming season lasts only about three and one-half months in the warm weather, and the portion occupied by it is padlocked the remainder of the year. The bill charges that the erection of the swimming pool, bath-house and pavilion was contrary to law; that it was the duty of the defendants to preserve the property for the purposes for which it was originally dedicated; that the erection and maintenance of the swimming pool, bath-house, fence and pavilion greatly depreciate the value of the complainant's property and render it unsuitable for residence purposes if said use is continued, owing to the noise, which lasts until late at night, and the continuous sight of persons in bathing suits in the pool and on the walk adjoining the same. The bill charges that during the previous seasons the swimming pool and bath-house were operated until late at night and on Sundays and their operation constituted a nuisance; that it has caused the complainant irreparable damage and that he has no adequate remedy at law to recover the same.

The points urged by appellant why the decree dismissing the bill should be reversed are: (1) The structures com-

plained of were not authorized by and are contrary to the terms of the deed conveying the park to the village of Wood River; (2) that it was contrary to law for the defendants, or any of them, to charge and collect pay for the use of the park or a portion thereof; (3) that it was contrary to law to lease a portion of the property of the municipality acquired and held for park purposes.

It is well settled that where public grounds are dedicated to a municipality for use as a park, either by statute or by the common law, they must be preserved for the use of the public for the purposes of the donation. In *City of Jacksonville* v. *Jacksonville Railway Co.* 67 Ill. 540, there was a statutory dedication of ground for use as a public park. The legislature passed an act authorizing the railway company to construct and operate its railroad over and along the public grounds, squares, streets and alleys within the present or future corporate limits of the city. The city filed a bill to restrain the railway company from appropriating the public ground to its use. This court affirmed the decree of the circuit court granting the prayer of the bill and enjoining the railroad company. This court held the fee was vested in the city for the uses intended by the donors and that the public acquired a vested estate, and said: "A dedication must always be construed with reference to the object with which it was made. The donors never could have intended that this ground should be used as a street." The court held the legislature had no power to divert the property given the public for one use to a wholly different and inconsistent use, and cited numerous authorities sustaining the decision.

In *Village of Princeville* v. *Auten,* 77 Ill. 325, the original village was platted in 1837. A square or block near the center of the city was not divided into lots but the plat contained no designation of what the square was to be used for. Lots fronting the square were sold for an enhanced price on account of the square. Discussing the intention of

the donors, which was not expressed in the plat, the court said: "It is a more reasonable conclusion it was dedicated with a view to park purposes, to be ornamented and made a pleasure ground in the midst of the village. If we are permitted to draw any conclusion, we think the latter is more consistent with the acts of the parties and more in harmony with such usages as have obtained in the country." The village sought to place a town hall in the square, but this court affirmed a decree enjoining it from doing so. The court held that the dedication of the ground as a public square gave the village authorities no power to appropriate it, in whole or in part, as a site for a building to be used for corporate purposes, "against the wishes of any citizen interested." See, also, *Maywood Co.* v. *Village of Maywood,* 118 Ill. 61; *City of Chicago* v. *Ward,* 169 id. 392; *Village of Riverside* v. *MacLain,* 210 id. 308.

The foregoing cases all related to the dedication by the original proprietors of land for public use. Counsel for appellees point out that in this case the title to the property was conveyed to the corporation in fee simple for a substantial consideration. The deed contained this provision, after describing the land: "Said tract of land is conveyed to and accepted by said village of Wood River for park purposes, the same to be maintained as a park for said village, to be governed and controlled by the ordinances of said village for said purposes." Twelve years later the grantors in the deed executed to the city of Wood River another deed to the same land. The deed recited: "This deed is executed for the special purpose of enabling the city of Wood River to provide for the construction, equipment, conducting, maintenance and operation of a recreation center on said tract of land, including public playgrounds, swimming pool, bath-house and recreation pavilion." These are the uses and purposes to which the land, or at least a portion of it, has been devoted since the execution of the second deed. Prior to the making of the second deed the land con-

veyed to the village for park purposes had been so used, except that part which had been taken by the school authorities for a school house site, and no complaint is made of the use of that part of the property. We are of opinion the second deed can have no influence upon the determination of the question here raised. By it the grantors could have no authority to authorize the diversion of the property by the corporation from park purposes. If the city authorities had the right to do that, it in no manner depends upon the second deed but arises out of the law. The land was acquired by the municipality to be used for park purposes and to be maintained as a park for the municipality, governed and controlled by ordinances for said purposes, for free use by the public. When it was appropriated to the purposes of maintaining a recreation center, swimming pool, bath-house and recreation pavilion, fees were charged by the municipality to any of the public who desired to use the property for the purposes to which it was devoted, and the property so devoted was enclosed with a wire fence and the gates were kept locked when the property was not so used. Refreshment concessions were located upon the property used as a recreation center and a rental was charged the concessionaires.

Eleven grounds of demurrer to the bill were assigned, among which are, that there is no equity on the face of the bill; no facts are shown which entitle the complainant to maintain the action; that the complainant's interests are personal and not public; that the bill shows no improper or wrongful use of the park property; and that complainant has been guilty of *laches,* which debars him of any right to maintain his action.

The legislature passed an act in 1921, which was amended in 1923, authorizing the city council, board of trustees or commissioners of any city, town or village to "dedicate and set apart for use as playgrounds, or recreation centers, any lands or buildings owned or leased by such

municipality and not dedicated or devoted to another and inconsistent public use." (Smith's Stat. 1927, pars. 630, 631, p. 455.) The municipality was authorized to acquire land or buildings for such purposes. The Wood River municipality acquired the land involved in this case for park purposes and established a park thereon before that act was passed, and the act did not authorize the diversion of the park, previously acquired and established, for use as a recreation center. The land was deeded to and accepted by the municipality for park purposes, and the municipality was authorized to regulate its uses and management for a public park. The diversion of a large part of the park to the uses of a recreation center, for which use fees are charged, and the prohibition of the free public use thereof, or any use at all of the ground a greater part of the year, we think is not for park purposes. The bill alleges that when the swimming pool is not used the gates in the fence are locked so that no one can have access thereto, and that the swimming season lasts only about three and one-half months and for the balance of the year the enclosure is locked against the public.

Appellees' counsel contend that the appropriation of a part of the park to the purposes complained of is not a diversion of the property from park purposes, and refer to authorities holding that certain buildings and statues may be erected in a park without converting the land from park purposes. In *South Park Comrs.* v. *Ward & Co.* 248 Ill. 299, the court said: "In the common understanding, a park, in this country, is a piece of ground in or near a city or town for ornament and as a place for the resort of the public for recreation and amusement, and it is usually laid out in walks, drives and recreation grounds." In *Furlong* v. *South Park Comrs.* 320 Ill. 507, the court said: "Park purposes are not confined to a tract of land with trees, grass and seats, but mean a tract of land ornamented and improved as a place of resort for the public, for recreation

and amusement of the public. The construction and maintenance of a building for museums, art galleries, botanical and zoological gardens, and many other purposes, for the public benefit, are recognized as legitimate purposes." The conversion of a large portion of a small public park into a swimming pool, pavilion and concessions, and surrounding the portion of the park converted into a swimming pool with a wire fence to prevent the free use of it by the public, are certainly not park purposes.

The bill alleges neither the city of Wood River nor any of the other defendants had any authority to divert the property to the purposes for which it is now used nor any authority to permit a charge to be made for the use of the grounds by the public; that the maintenance and operation of the improvements now used have greatly depreciated the value of the complainant's property and rendered it unsuitable for residence purposes on account of the noise, which lasts late into the night, and the continuous sight of persons in bathing suits at the pool and on the walks adjoining the same; that the swimming pool and bath-house are operated late at night and on Sundays and are a nuisance, by reason of which the complainant has suffered irreparable damage and that he has no adequate remedy at law; that he has been for the last twenty years a resident of the city of Wood River, and during the last eleven years has owned in fee certain property in the built-up section of Wood River suitable for platting and sale as building lots for residence purposes, upon which he owns and operates a dance pavilion; that the property lies on the west side of Wood River avenue, directly opposite the city park, which lies on the east side of Wood River avenue. Appellees contend the allegations of the bill do not show any interest in or injury to appellant which gives him any right to maintain his action. We have quoted the substance of what appear to be the most material allegations of the bill respecting appellant's interest and injuries. Appellees contend there

was no vested interest or estate in or to the park, which is owned in fee by the municipality, and appellant has no right to object. In *City of Jacksonville* v. *Jacksonville Railway Co. supra,* the park was dedicated by the original proprietors, and the court held the fee was vested in the city for public uses and that the public acquired a vested estate, and the trust would be enforced for the benefit of those for whose use it was created. In *Village of Princeville* v. *Auten, supra,* the public square or park was dedicated by the original proprietors, and the court held the village authorities could not appropriate it for other than public purposes, "against the wishes of any citizen interested." We are of opinion the bill on its face shows an injury to and right in appellant to maintain the action. The circuit court therefore erred in sustaining the demurrer to and dismissing the bill.

The decree is reversed and the cause remanded, with directions to the circuit court to overrule the demurrer.

*Reversed and remanded, with directions.*