(No. 20461.—)

FRANK Z. CARSTENS, Appellant, *vs.* THE CITY OF WOOD RIVER *et al.* Appellees.

*Opinion filed April 23, 1931—Rehearing denied June 4, 1931.*

GEERS & GEERS, for appellant.

F. J. MANNING, City Attorney, THOMAS WILLIAMSON, and WARNOCK, WILLIAMSON & BURROUGHS, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on appeal from a decree of the circuit court of Madison county dismissing the bill of appellant for want of equity. By this bill appellant seeks to

enjoin the city of Wood River, its mayor, aldermen and members of the recreation board of that city, and others, from the operation of a pavilion, swimming pool and bath house in a park in the city of Wood River described in the bill. The prayer of the bill also is that a mandatory injunction issue requiring the removal of the swimming pool and fence surrounding it, and other structures, and that the appellees be enjoined from granting concessions on the park property or charging or permitting to be charged anything for the use of the swimming pool, bath house or pavilion. Appellant in his bill avers that he owns property directly across the street from this park and that his property is especially injured and damaged by reason of the construction of the swimming pool, bath house and dancing pavilion. Appellees filed a demurrer to this bill, which was sustained by the chancellor and the bill dismissed. On appeal to this court that decree was reversed and the cause remanded with directions to overrule the demurrer, it being held in the opinion that the averment of special injury to appellant's property was sufficient to give a court of equity jurisdiction to hear the cause. (*Carstens* v. *City of Wood River,* 332 Ill. 400.) The cause thereafter proceeded to a hearing before a master in chancery on the bill, answer and replication thereto. Hearing of evidence was had and the master in chancery recommended the bill be dismissed for want of equity. Numerous objections to the master's report were filed, which were allowed to stand as exceptions thereto, and these exceptions were overruled and the decree entered finding appellant was without equity and dismissing his bill. The allegations of the bill are fully set forth in *Carstens* v. *City of Wood River, supra,* and need not be again set out in detail here.

From the evidence it was developed that on August 3, 1914, James H. Chessen, Anna Chessen, and James H. Chessen trustee, for a substantial consideration conveyed to the village (now city) of Wood River a tract of land for the

purposes named in the deed, as follows: "Said tract of land is conveyed to and accepted by said village of Wood River for park purposes, the same to be maintained as a park for said village, to be governed and controlled by the ordinances of said village for said purposes." It appears that the north half of this strip of ground was taken by condemnation for a community high school site, and that the tract remaining is 768 feet in length by 316 feet in width. On March 15, 1926, the grantors in the original deed executed and delivered another deed to the city of Wood River, reciting that it was the purpose thereof to enable the city to provide for the construction, equipment and maintenance of a recreation center, including public playgrounds, swimming pool, bath house and recreational pavilion. The evidence also shows that in the spring of 1926 the Standard Oil Company of Indiana submitted to the city council a proposition to build on this tract a swimming pool, bath house and pavilion, fully equipped, without expense to the city, and to donate the same to the city, the cost thereof not to exceed $100,000. Blue-prints and specifications were also filed with the offer, which was accepted and work immediately begun. The swimming pool and bath house were put in operation on July 4, 1926, and were in continuous operation from that date until after Labor Day in September of that year, when they were closed for the season and gates in the fence surrounding the swimming pool were locked. Appellant thereafter filed this bill.

Appellant's evidence is that he owns a tract of land on the west side of Wood River avenue, directly across from the park, which contains about five acres and suitable for subdivision as building lots for residential purposes. He testified, and offered the testimony of other witnesses to show, that his property was injured by reason of the establishment of this recreation center on the park property. His bill is bottomed on the proposition that the alleged illegal use of the park property was of special injury and

damage to his property. Illegal use of public property can only be complained of by the people. To entitle a private individual to maintain a bill to enjoin a breach of public trust, in the absence of statutory authority, he must show that he is especially injured thereby. (*McCormick* v. *Chicago Yacht Club,* 331 Ill. 514; *Hartshorn* v. *Bierbom,* 312 id. 275; *McPike* v. *Illinois Terminal Railroad Co.* 305 id. 298; *Hill* v. *St. Louis and Northeastern Railway Co.* 243 id. 344; *Doane* v. *Lake Street Elevated Railroad Co.* 165 id. 510; *City of Chicago* v. *Union Building Ass'n,* 102 id. 379.) To sustain this allegation appellant offered the testimony of himself and three witnesses, one of whom was James H. Chessen, from whom the city purchased the park. He testified that the lots were depreciated one-half by reason of the building of the amusement equipment. One Lucy Marquis testified that she had sold her lot on contract, across the street from the park, and had received $800 as earnest money on the contract; that because the purchaser was refused a permit to operate any kind of business on that tract he abandoned his purchase and the property came back to her, and that she has offered it for sale but has not sold it. One R. C. Wilson testified that appellant's land was depreciated from $150 to $200 for a fifty foot lot. One T. P. Eggman testified that the value of appellant's property was about the same at the time of the trial as it was at the time of the construction complained of, though he was of the opinion that if there had been no swimming pool and pavilion it probably would have been worth more. Appellant likewise testified the value of his property was the same as it was before the construction complained of, but that if the swimming pool and pavilion were removed the value of his property would be substantially increased. Appellees offered forty-seven witnesses, most of whom testified that the construction complained of was a benefit to the community and to the property adjacent to the park. Several of these witnesses testified

to sales of lots opposite the park and the building of several houses after the recreation center was constructed and the re-sale of some of them at a profit. The record shows that appellant's property is vacant except for a dancing pavilion, which has been converted into a garage and filling station. He testified that he made application for a license to operate a business on his property, which was refused.

A perusal of the testimony in the record shows that appellant has failed to prove a special injury to his property which entitles him to the relief sought. No one except appellant testifies to an annoyance such as would constitute proof of a nuisance, and the clear preponderance of the evidence is against any special injury to appellant.

The evidence also discloses that before the construction of this swimming pool, bath house and pavilion appellant was shown the blue-prints and had full knowledge of the proposed improvement. The record also shows that he appeared before the city council before the work was started, and stated that he had had legal advice and could prevent the proposed improvements and would do so. Instead, however, of proceeding with this threat he stood by until after the structure was completed at the expense of $100,000 and was in use for about three months before he filed his bill. In equity, complainant, to be entitled to the relief he seeks, must by pleadings and proof show equitable ground for such relief. His right to relief may not depend upon the weakness of the defense. One who seeks equitable relief against interference with an easement must act with reasonable promptness after learning of the proposed violation of his rights and cannot stand idly by and permit the structures complained of to be completed at large cost without objecting. Equity, in all cases where a mandatory injunction is sought, will strictly require that the application for relief be promptly made, and a failure to assert such right, without sufficient excuse therefor, until after large expenditure of moneys, operates as a bar to relief in a court of equity.

(*Haas* v. *Commissioners of Lincoln Park,* 339 Ill. 491; *Brandenburg* v. *Country Club Building Corp.* 332 id. 136; *Neidhardt* v. *Frank,* 325 id. 596; *Troyer* v. *Erdman,* 320 id. 140; *Morse* v. *Seibold,* 147 id. 318.) No reason is advanced for the failure of appellant to file a bill prior to or during the building of the swimming pool and buildings complained of. A mere threat is not sufficient. The evidence shows that it would cost, in addition to the loss of the cost of construction, an additional sum of $14,000 to remove the structures as prayed.

Appellant also by his bill seeks to enjoin the city from charging for the use of the park, or any part thereof, and from leasing a portion of the park for the purpose of furnishing refreshments. The record shows that season tickets were sold to adults and children and a single charge made to those not having tickets for the use of showers, dressing rooms and lockers. The record also shows that on certain days the use of the pool was free to children. A concession was granted to sell sodas, sandwiches and ice cream. The record shows that to prohibit the sale of such articles in the park would necessitate crossing the street to procure the same. The park is situated between two main thoroughfares of the city, each of which carries a large amount of traffic. The record shows that a charge sufficient to meet the cost of lights and janitor service is made for the use of the dancing pavilion when used by different organizations. The fact that a reasonable fee is charged for the use of the bath house, swimming pool and pavilion does not make their use private. It is not essential to the public use that it be absolutely free to everyone. Where there is cost for maintaining the service the authorities may demand a reasonable fee for the individual use. (*South Park Comrs.* v. *Ward & Co.* 248 Ill. 299.) In this case the record shows that the funds derived from the swimming pool are used for the purpose of keeping up buildings in the park and that the fees have never been sufficient for that purpose,

and, as we have seen, the fee charged for the use of the pavilion is but enough to cover the lights and janitor service.

Both on the ground that the record discloses that appellant is not specially injured by the structures complained of, and that he stood by until they were in use before taking action, the chancellor was justified in dismissing the bill, and the decree of the circuit court will be affirmed.

*Decree affirmed.*