TOWN OF TOPSHAM *v.* FRANK S. ROGERS.

*Intoxicating·Liquor.    Town Agent.    Selectmen.    Towns.*

Under the liquor act of 1863, declaring it unlawful for town or city liquor agents to purchase liquors for the agency and imposing that duty on certain town and city officers, a town or city would be under no obligation to pay for liquor purchased by such agent without lawful authority on the credit of the town, but such officers might adopt and ratify such purchases, and might make such agent their special agent to buy the liquors for and in the name of the town.

An agent having purchased liquors in the name of the town, in addition to what the selectmen furnished, and paid for them with the money of the town and sold them as such agent, all without the knowledge or consent of the town officers, is liable to the town for the proceeds, even though he sold them in violation of law and of his duty as agent. The maxim *in pari delicto*, etc., does not apply in such case.

ACTION of account. It appeared from the auditors' report in this case, that at the annual town meeting of the town of Topsham, in 1865, R. W. Bill, W. T. George, and the defendant, were duly elected selectmen of said town for the ensuing year; that the defendant was duly appointed, by the commissioner of Orange county, agent for selling intoxicating liquor in said town for said year; that

the said· selectmen, Bill and George, acting for said town, entered into a written contract with the defendant as such agent, which provided that the town, through its selectmen, Bill and George, should furnish the defendant with liquors to sell through the year, at prices to be fixed by Bill and George ; that the defendant should sell said liquors for cash down at the· prices so fixed, and in strict conformity to the provisions of the liquor law and not otherwise, and should be accountable to the town for all liquors that should come into his hands as such agent ; and the contract provided that the defendant should keep a strict account of all liquors sold·by him, and, in.detail, the manner in which the business should be transacted ; that the defendant should notify said Bill when liquors were wanted for the agency, from time to time, and that he, (Bill,) should see to the purchase of them, and that the defendant should receive sixty-five dollars for his services as agent.

It further appeared that on the 30th of May, 1865, said Bill and George bought and supplied to the defendant a quantity of liquors to sell as agent of .the town, and subsequently during the year from time to time supplied more or less for this purpose ; that in addition to the liquors so furnished by the selectmen, the defendant, without the knowledge or consent of said Bill and George, purchased, in the name and on the credit of the town, a considerable quantity of liquors and sold the same as the agent of the town, at the prices fixed by said Bill and George for that which they supplied, and paid for the same with money received in the sale of liquor ; that the defendant sold more or less through the year by the glass and by the gallon, paying no attention to the provisions of the law under which he sold, and kept no accurate account of his sales.

The auditors found what quantity of liquors was bought by the selectmen and also by the defendant, as aforesaid, and the amount which the same brought at the prices fixed by the· selectmen, Bill and George.   From this sum, which was $3240.46, they deducted what the defendant paid for the liquor which he bought, as aforesaid, and some small items, such ,as shrinkage, the. defendant's salary, etc., which left $912.79, which they found the defendant

in arrear for, and due from him to the plaintiff on the liquor agency account. The defendant excepted to the report, because the auditors charged the defendant for the proceeds of the liquors which he purchased as aforesaid.

The report embraces matters upon other items not material to be stated. The court, at the June term, 1868, PECK, J., presiding, overruled the exceptions and rendered judgment for the plaintiff for the sum found by the auditors, to which the defendant excepted.

*R. McK. Ormsby*, for the defendant.

In respect to liquors charged in the plaintiff's account which the defendant purchased, the defendant was not agent in their purchase and sale; and is not therefore chargeable on account of them. These goods were bought and sold in violation of law. Acts of 1863, No. 15. If the town had directed the defendant to make these purchases, it would have been illegal, and no action could lie on the transaction. *Ex turpi causa non oritur actio.* And where the fault is mutual, the law will leave the parties where it finds them. *In pari delicto potior est conditio defendentis.* Story on Agen., § 195 ; Chitty on Con., 657, and notes ; also 673, and notes ; *Sharp* v. *Teese*, 4 Halst., 352 ; *Craig* v. *Missouri*, 4 Pet. R., 410 ; *Bartle* v. *Coleman*, 4 Pet., 184 ; *Knowles* v. *Haughten*, 11 Ves., 168 ; Story on Eq. and Juris., § 298. It is not the interest of the parties that the law regards, but public policy. *Holman* v. *Johnson*, Cowp., 343. The defendant having bought and paid for these liquors, the town cannot ratify, so as to make him agent, and thus recover the profits, as the principal can only ratify voidable acts, and not those which are void, especially if void for illegality. Story on Agen., § 240, § 241 ; 1 Story on Eq. and Juris., § 307. Should not be allowed on consideration of public policy. *Baldwin* v. *Coburn, et al.*, 39 Vt., 441. Where a partner has made money in an illegal operation, he cannot be made to account for it. The claim for the illegal transaction will be stricken out. Parson on Part., p. 10 and notes.

*A. M. Dickey* and *B. F. Fifield*, for the plaintiff.

The maxim, that "no cause of action arises from a fraudulent source," does not apply to this case. The contract between the parties was a legal and proper one. Nor were the parties "*in pari delicto*." The fault was all on the part of the defendant. The illegal sales were without the knowledge of the plaintiff. The case is simply this: The defendant has made money out of the agency and funds of the plaintiff; although part of it was made through disobedience of instructions and without the knowledge of the plaintiff, the plaintiff is none the less entitled to recover it. Story on Agen., § 214, also § 207, § 192; Paley on Agen., 51; *Massey* v. *Davis*, 2 Ves., jr., 317; *Beaumont* v. *Baultbee*, 1 Ves., jr., 608, 617. To hold that the defendant may retain the profits of illegal sales would be an invitation to the broadest corruption by agents, and destruction to the whole purpose of the liquor law.

The opinion of the court was delivered by

PIERPOINT, C. J. The principal objection made to the report of the auditors is that they allowed in the plaintiff's account certain charges for intoxicating liquors purchased by the defendant in the name of the town, and afterwards sold by him as the agent of the town.

It appears that in 1865 the defendant was appointed, by the county commissioner, an agent for the sale of intoxicating liquors in the town of Topsham, under the statute. After he was so appointed, the selectmen of the town entered into a contract with him, in which it was agreed, among other things, that the town, through its selectmen, should furnish the liquor for him to sell, and also fix the price at which it was to be sold, and the manner of transacting the business.

It is not claimed that there was anything in the terms of the contract that was not in strict conformity to the statute. The proceeds of the sales were to be paid into the town treasury, and the defendant was to receive a specified compensation for doing the business.

The officers of the town supplied the defendant with liquor, from time to time, but during the year the defendant himself pur-

chased liquor in the name of the town, paid for the same with the money in his hands, and sold the same as such agent; this he did without the knowledge of the officers of the town, and it is for the proceeds of this liquor, so purchased and sold, that the said charges are made.

The counsel for the defendant now claims that these charges should be disallowed for the reason that the statute prohibits such agents purchasing liquor on the credit of the town, and that the said purchases being made in violation of the law, the town cannot now make him chargeable with the proceeds of the sales.

Sec. 4 of chap. 94 of the General Statutes, relating to traffic in intoxicating drinks, provides that the commissioner of any county may appoint some suitable person as the agent of any town or city within the county, to purchase, at the expense and credit of the town or city, and sell therein, intoxicating liquor, etc., and the money received therefor is to be paid into the treasuries of such towns or cities. It also provides that the towns may withhold their consent to the use of their credit, until such agent gives a bond, etc., for their security.

Under this statute all the liquor, that was to be purchased and sold in accordance with its provisions, was to be purchased by the agent on the credit of the towns. Under this statute towns were liable to be, and sometimes were, involved in a large amount of indebtedness, without receiving a corresponding amount of money into their treasuries. To obviate this deficiency, and perhaps some others, the act of 1863 was passed, declaring that it shall not be lawful for any town or city agent, appointed in pursuance of sec. 4, to purchase any intoxicating liquors at the expense or credit of the town or city for which such agent is appointed, and imposing upon the officers of such town or city the duty of furnishing the liquor to such agents for sale.

Under this statute the defendant had no lawful authority to purchase the liquors in question on the credit of the town, and the town was under no obligation to pay for it if it saw fit to avail itself of the right to repudiate the transaction; but the officers had an undoubted right to adopt and ratify the transaction after the acts were done. They might have made him their special

agent to buy the liquors for them and in the name of the town, and then there would have been no violation of the act of 1863. The purchasing would then have been the same as if done by the officers of the town in person. And especially should they have the right to ratify when, as in the present case, the liquor was bought in their name and paid for with their money. To hold otherwise would enable the agent to perpetrate a gross fraud upon the town, as is in fact attempted in this case. The acts of the officers of the town have been in strict accordance with the requirements of the statute. They were ignorant of any wrongful act on the part of the defendant until after their money had been invested in the liquors, and the liquors sold by the defendant as the agent for that purpose, and the defendant is now seeking to avail himself of his own wrongful act, to cheat the town out of what is justly its due.

The defendant also contends that, as it appears from the report of the auditors, that a considerable portion of the liquor so furnished by the town was sold by the defendant in violation of the law and of his duty as agent, therefore the town cannot legally charge him with the proceeds of such illegal sales ; that by so doing the town becomes a party to the wrong. We cannot so regard it ; the town has been in no fault in the matter ; the officers of the town were ignorant of the illegal acts of the defendant. The proceeds of the sale were the property of the town, and the defendant cannot be permitted to set up his own violations of the law to shield himself from the responsibility to pay over to the town the proceeds of the sale of the property. The maxim *in pari delicto* has no application here. To apply it to a case like the present would be a perversion of the rule, and a violation of the principles of justice and sound policy.

The judgment of the county court is affirmed.