LeFEVRE, et al, Respondents, v. BOARD OF CITY COMMIS-SIONERS OF BROOKINGS, et al, Appellants.

(272 N. W. 795)

(File No. 7934. Opinion filed April 16, 1937)

For former opinion, see 65 S. D. 64, 270 N. W. 654.

*E. A. Berke,* City Atty., *C. O. Trygstad,* and *B. H. Schaphorst,* all of Brookings, for Appellants.

*Philo Hall,* of Brookings, for Respondents.

ROBERTS, J. This is an appeal from a judgment granting the petition of the plaintiffs for a writ of prohibition directed to the city commission of the city of Brookings. After decision on appeal in this court, 65 S. D. 64, 270 N .W. 654, 655, a rehearing was granted, and the cause is before us for reconsideration.

A special election was held on September 12, 1933, pursuant to a resolution of the city commission for the purpose of submitting to the voters the proposition, "Shall the city of Brookings, South Dakota, issue its negotiable bonds for not to exceed $21,000 * * * for the purpose of constructing a building or buildings and making improvements for public parks of the city including a swimming pool?" The result of the election was in favor of issuing the bonds. On July 9, 1934, the city commission, being of the opinion that the city had sufficient funds on hand properly available and that no issue of bonds was necessary, passed a motion to the effect that the city withdraw its application to the Public Works Administration for a loan and grant, and that application be made for a grant only. The application was approved, and a resolution was adopted on September 10, 1934, providing "that the city use and the officials thereof are hereby authorized and directed to use $21,000 or so much thereof as may be necessary together with the $8,000 Federal grant allotted to the city in constructing a swimming pool, bathhouse and other improvements, in connection therewith, in the East Side Park of said city."

The court found "that the city of Brookings is a municipal corporation, and at the date of said trial, was a city of the second class having a population of 4376 persons according to the last census· * * * and at all times hereinafter mentioned had a park board composed of five members duly created by ordinance of said city * * * which park board ordinance was originally enacted about the year 1924 * * * has never been repealed and is in full force and effect, and which board has always functioned and still continues to function as a park board in the improvement of parks in said city and all indebtedness by it incurred has been paid by the city and not out of any park funds set apart by the park board as prescribed by the said ordinance; * * * that at a regular meeting of the said defendants, city commissioners, held September 10, 1934, said board passed and adopted a resolution diverting and misappropriating $21,000 of the city's money, including tax money for 1935, for said swimming pool project * * * that such swimming pool was to be paid for only by the issuance of 15 year bonds." The conclusions of law are that chapter 237, Laws 1923, provides specifically and exclusively the manner in which the city of Brookings can construct a swimming pool in a public park of that city; that the special election held on September 12, 1933, conferred no authority to issue bonds or to construct the swimming pool for the reasons that the election was not initiated by a resolution or petition of the park board, that the proposition of issuing bonds could not be voted upon at a special election, and that the resolution of the governing body, notice of election, and the ballot were misleading, unfair, and intended to and did mislead the electors concerning the location, proposed type of swimming pool, and the manner of payment; and that the location of the proposed swimming pool was not recognized as a part of the parks of the city.

A judgment in favor of plaintiff was entered, granting a permanent writ of prohibition forbidding the construction of a swimming pool in the East Side Park and the expenditure of funds of the city or the incurring of indebtedness against the city in any manner for such improvement.

The first contention of the defendants is that chapter 237, Laws 1923, is not applicable to the city of Brookings. The pertin-

ent provisions of this statute read: "When, in its judgment, it shall be necessary and needed for public welfare, a Park Board created by ordinance shall have the power to petition by resolution, the auditor of the municipal corporation, under which it was created, requesting that the proposition of constructing a swimming pool or other like improvements in a public park be submitted to the electors at the next annual election. * * * In case the three-fifths vote is in favor of the proposition submitted, it shall be the duty of the governing body of such city to immediately take steps to provide said amount for the use of said Park Board, and to pay it to them as soon as needed for such construction. The said Park Board shall use the funds so received for the purpose authorized and for no other. Such election, if favorable, shall constitute full authority for the governing body to provide such amount from the general fund of the city or through the issue and sale of bonds, such bonds shall be issued, sold and their payment provided for in the same manner as other bonds are now issued by municipal corporations, except that no further election shall be necessary to authorize the issue and sale of such bonds."

A park board created by ordinance may under the provisions of this statute cause to be submitted to the electors of a municipality at the annual election the proposition of constructing a swimming pool or other like improvements in a public park. We have in this state three methods of park control. Section 6433, Rev. Code 1919, provides that the public parks of every city of the second class and every incorporated town shall be under the control and supervision of the governing body and that the public parks of every city of the first class shall be under such control and supervision until a park board shall have been otherwise created. Norberg v. Hagna, 46 S. D. 568, 195 N. W. 438, 29 A. L. R. 841. In a city of the first class such board may be created either by ordinance (sections 6434-6443, Rev. Code 1919, as amended) or by a vote of a majority of the electors voting at an annual or special city election (sections 6444-6523, Rev. Code 1919, as amended). Brookings is a city of the second class and under the express provisions of section 6433, the control and supervision of its parks is vested in the city commission. The park board referred to in the act of 1923 is that created by ordinance in a city of the first

class. Inasmuch as the so-called park board in the city of Brookings did not petition the city commission to submit the proposition of constructing a swimming pool to. the electors of the city or take other action in the proceedings and in view of the statute vesting exclusive control of parks in a city of the second class in the governing body and the interpretation of the term "Park Board created by ordinance" in the act of 1923 as referring to boards created under sections 6434-6443, it is unnecessary to consider the status of the so-called park board in the city of Brookings.

A municipal corporation has power "to acquire by purchase or donation, or to condemn, hold and improve public parks within or without, or partly within and partly without the limits of the municipality, and to provide for the improvement, preservation, regulation and government of the same." Subdivision 10, section 6169, Rev. Code 1919. Plaintiffs contend that a park improvement within the contemplation of this statute does not include a swimming pool. A park is a pleasure ground set apart for the recreation of the public, to promote its health and enjoyment. Williams v. Gallatin, 229 N. Y. 248, 128 N. E. 121, 18 A. L. R. 1238; Booth v. City of Minneapolis, 163 Minn. 223, 203 N. W. 625. There can be no disagreement as to the general rule that municipal authorities cannot divert park property from park purposes. The question of the use to which parks may be devoted has arisen in other jurisdictions, and it has been held that municipalities may use parks for tennis courts, baseball diamonds, race tracks, tourist camps, golf courses, libraries, memorial buildings, museums, art galleries, zoological and botanical gardens, and other recreational and educational facilities. See annotations in 18 A. L. R. 1247 and 63 A. L. R. 484. Park purposes are not confined to tracts of land kept in grass and trees, but extend to the improvement of tracts as places of recreation and amusement of the public.

The use to which park property may be devoted may depend to some extent upon the manner of acquisition. A less strict construction is adopted where a park property is purchased or condemned by a municipality than upon dedications made by individuals. Harter v. San Jose, 141 Cal. 659, 75 P. 344; Spires v. Los Angeles, 150 Cal. 64, 87 P. 1026, 11 Ann. Cas. 465; Village of Riverside v. MacLain, 210 Ill. 308, 71 N. E. 408, 66 L. R. A. 288,

102 Am. St. Rep. 164. Thus the construction of a swimming pool was held in Hill v. Belmar, 127 A. 789, 3 N. J. Misc. 254, to be a use other than and adverse to the purpose of the dedication.

In Smith v. Fuest, 125 Kan. 341, 263 P. 1069, 1070, where the court considered the specific question whether a swimming pool is a park improvement, it was said: "A city park is a place for recreation, rest, and amusement, and in a semi-arid district such as that in which the city of Liberal is located, where adequate water courses and other bodies of water are lacking and opportunities for participation in the pastime of swimming and bathing are lacking, it is hard to conceive of a more appropriate improvement for a city park than a well-constructed modern, sanitary swimming pool."

In Carstens v. City of Wood River, 332, Ill. 400, 163 N. E. 816, 63 A. L. R. 471, plaintiff sought to require the removal from a public park of a swimming pool and the fence surrounding it. The court reversing the decree of the trial court dismissing the complaint held that a diversion of a large part of a small park into a swimming pool, pavilion, and refreshment concessions, and surrounding the portion of the park converted into a swimming pool with a wire fence to prevent the use of the same by the public, the gates of which were locked when the pool, which could not be used for more than a few months a year, was not in use, was not for park purposes. Nothing which was stated or decided in that case requires the conclusion that park purposes may not include a swimming pool. The question for decision was whether the use of a large portion of a small park for the purposes mentioned was consistent with park purposes. The case proceeded to a hearing on the merits and on the grounds that as the plaintiff was not specially injured and had failed to act with reasonable promptness a decree of dismissal was affirmed. Carstens v. City of Wood River, 344 Ill. 319, 176 N. E. 266. Counsel for plaintiffs has not called our attention to any case in point to the effect that the use of a reasonable portion of a public park for a swimming pool is not a legitimate use for which public parks are created.

The Legislature of this state has expressly recognized the maintenance of a swimming pool as a municipal enterprise. Under the provisions of chapter 180, Laws 1937, municipal corporations are authorized to construct, equip, and maintain swimming pools.

It is not to be inferred from the enactment of this statute that municipal corporations with the exception of cities having park boards created by ordinances were without authority to make such improvements in their parks. The Legislature may have enacted the statute for the purpose of removing doubts as to the existing law. 59 C. J. 1059. While the existence of an emergency is declared and this statute purports to be in effect, we think that it is advisable to confine the present inquiries to the issues directly involved, and that we should not attempt to rest our decision on the provisions of this recently enacted statute. We conclude that the defendants under subdivision 10, section 6169, Rev. Code 1919, have the authority to make the contemplated improvement. We see nothing ultra vires in the action of the commission in constructing the swimming pool on city property recently set apart as a park. The fact that the grounds have not been developed offers no legal obstacle to the proposed improvement.

Plaintiffs contend that defendants must defray the cost of the improvement by the issuance of bonds; that the authority of the city commission is strictly defined by the terms of the proposition ratified by the electors; and that the commission cannot select that part of the plan which it chooses and reject the remainder. Conceding that such contention may on the record be submitted, we believe that it is untenable. The statutory provisions specifically applying to municipal corporations confer authority to borrow money and to issue bonds for any authorized corporate purpose, provided, three-fifths of all the legal voters present and voting at an election shall determine in favor of issuing the same. Section 6413, Rev. Code 1919, as amended by chapter 228, Laws 1923. The terms of the statute are merely permissive and do not indicate that it is an imperative duty to borrow money upon the grant of authority by the electors. This view appears to have been entertained by this court in Wells v. City of Sioux Falls, 16 S. D. 547, 94 N. W. 425, 426, wherein it is said: "The mere statement of the contention is sufficient to show its fallacy. It would be contrary to the dictates of reason to hold that the city authorities are bound to sell more bonds than are needed for the intended purpose, or that they are required to dispose of all of them at one and the same time." If sufficient funds are on hand properly available,

the authorization to borrow money and issue bonds does not exclude the use of such funds for the construction of the proposed improvement.

The judgment and order appealed from are reversed.

WARREN, and SMITH, JJ., concur.

RUDOLPH, P. J., and POLLEY, J., dissent.

POLLEY, J., (dissents). This case was submitted to the court on oral argument, and an opinion was written and handed down on the 31st day of December, 1936. Later on, a rehearing was granted, oral argument was again made and the case is now ready for final disposition. The original opinion is published in 270 N. W. 654. The case as now presented bears little semblance to the case as it was originally presented.

There is no doubt that the original intention of the defendants was to make the improvements involved under the provisions of chapter 237, Laws 1923, but in instituting their proceedings they violated or disregarded practically every requirement of that statute, and this was in effect admitted, but in support of their right to proceed with the construction of the improvement they invoke subdivision 10 of section 6169, R. C. 1919. Defendants claim that the provisions of that subdivision authorize the construction of a swimming pool as an ordinary park improvement, and it may be that a majority of the members of this court entertain the same opinion; but the defendants did not seem disposed to rest the matter with the court, so they secured the enactment by the recent Legislature of a law to the effect that the city may "contract, equip, provide and maintain swimming pools," in the city parks or on other land belonging to the city, and to pay for the same from the "general fund of the city," or "through the issue and sale of bonds," in sufficient amount to pay the cost of such swimming pool. And to this enactment is attached the following, so-called "Emergency Clause:"

"This Act is necessary for the public health and 'safety, the support of the state government and its existing public institutions,' and the act went into effect presumably on the 5th day of March, 1937, the date of its approval by the Governor. With this authority for immediate action, it seems to me that the questions involved in this case have become wholly moot, and that the voluminous

discourse on the construction of swimming pools contained in the majority opinion in this case is a work of supererogation and might very well be omitted.

It is very possible that the defendants are in some doubt as to the efficacy of the emergency clause attached to the above legislative act, and I think myself that the real emergency involved is the anxiety of the residents of the city of Brookings for the facilities the swimming pool would afford them for taking a bath, but inasmuch as they have managed to get along since the beginning of the town they ought to be able to worry along until the 1st of July before commencing work on the swimming pool.

I still believe the case was properly disposed of by my opinion handed down on 31st day of December, 1936, and I still adhere to said opinion.