STOCKWELL, Respondent, v. CITY OF SIOUX FALLS, Appellant

(299 N. W. 453.)

(File No. 8387. Opinion filéd July 20, 1941.)
Rehearing Denied September 20, 1941.

**Roy D. Burns,** of Sioux Falls, for Appellant.
**E. E. Sullivan,** of Sioux Falls, for Respondent.

POLLEY, P.J. On the 28th day of November, 1938, plaintiff, being the owner of a small tract of ground in the City of Sioux Falls, entered into an option contract executed in the name of the City of Sioux Falls by one Bert T. Yeager,

whereby plaintiff, for a valuable consideration, agreed to sell and convey to the defendant the said tract of ground upon the payment by the defendant to the plaintiff of the sum of $2,000 on or before the 10th day of January, 1939. On said tract of ground was located a gravel pit, and the record shows that it was for the purpose of acquiring this gravel pit that defendant was desirous of purchasing said tract of ground. For several months prior to the date of said option defendant had been buying sand and gravel from plaintiff which the defendant at its own expense dug and removed from said gravel pit. Upon obtaining the said option contract the defendant greatly increased its facilities for digging and removing the said sand and gravel from such gravel pit and during the time between the 28th day of November, 1938, and the 10th day of January, 1939, defendant dug and removed from said gravel pit more than 12,000 cubic yards of sand and gravel of the value of $1,009. The removal of such sand and gravel by the defendant was done with the knowledge and consent of the plaintiff, but no arrangements of any kind, express or implied, were entered into, to the effect that defendant was to pay plaintiff the market price of said sand and gravel in addition to the amount defendant was to pay for the entire tract with said sand and gravel still in the ground. Prior to obtaining the said option the defendant had been paying plaintiff for the sand and gravel it had removed from the said gravel pit at the rate of 8 cents per cubic yard.

On the 10th day of January, 1939, defendant pursuant to the terms of said option agreement paid plaintiff the sum of $2,000 and plaintiff executed and delivered to defendant a deed of conveyance of the said tract of land. Prior to the execution of the said option agreement it had been the practice by plaintiff and defendant for plaintiff to file her claim against the City monthly for the sand and gravel that had been removed by the City during the preceding month. No claim was filed in January or February for sand or gravel that had been taken from the pit after the giving of the option; but some time during the month of March, 1939, plaintiff filed a claim with the City Auditor for the value of all

the gravel and sand that defendant had removed from the gravel pit between the time of the execution of the option on the 28th day of November, 1938, and the 10th day of January, 1939, amounting to $1,009. This claim was rejected by the City and plaintiff started this action for the purpose of recovering judgment for said sum of money. The case was tried to a jury but at the close of the testimony both parties moved for a directed verdict whereupon the court discharged the jury and made findings of fact and conclusions of law in plaintiff's favor and entered judgment accordingly. From such judgment defendant appeals.

Plaintiff contends that the option agreement was not executed by the City but was signed simply by Commissioner Yeager who was without authority to act. The City did, however, with knowledge of the option, purchase this land under the terms of the option which, in our opinion, amounts to a ratification of the acts of Yeager in securing this option to purchase. The purchase of this gravel pit was within the general corporate powers of the defendant city, and any unauthorized acts of the officers or agents of the city leading up to the purchase of this gravel pit were subject to ratification by the city. Darling v. Manistee, 166 Mich. 35, 131 N. W. 450; Sullivan et al. v. School-District No. 39 et al., 39 Kan. 347, 18 P. 287; Dubuque Female College v. District Township of City of Dubuque, 13 Iowa 555; Town of Topsham v. Frank S. Rogers, 42 Vt. 189.

The action is predicated upon an alleged agreement to pay for the gravel which the City removed. The court did not find an express agreement to pay for the gravel. Viewed in the light of the option agreement (valid because of its subsequent ratification) and all of the facts and circumstances disclosed, this record will not, in our opinion, sustain a finding of an implied agreement to pay for the gravel removed during the time the defendant had the option to purchase the premises for a stipulated price.

It is the law, as plaintiff contends, that the option contract gave the defendant no title to or interest in the land, but under the facts and circumstances here disclosed

this option did bind the plaintiff to hold the premises in the same state and condition in which they existed at the time the option was given. Varn Turpentine & Cattle Co. v. Allen & Newton, 38 Ga. App. 408, 144 S. E. 47. It follows that, when plaintiff permitted the defendant to remove gravel during the period the option was in effect, the removal of this gravel by the defendant does not in itself, after the option has been exercised, constitute the basis for an implied agreement to pay for the gravel as something separate and apart from the premises.

The judgment appealed from is reversed.

WARREN, RUDOLPH, and SMITH, JJ., concur.

ROBERTS, J., concurs in result.