McCARTHY, Respondent, v. CITY OF MURDO, et al, Appellants

(1 N. W.2d 812.)

(File No. 8429. Opinion filed January 2, 1942.)

**Tom Kirby,** of Sioux Falls, for Appellants.

**Morgan & Whiting** and **H. T. Fuller,** all of Mitchell, for Respondent.

PER CURIAM. ██ In this case a rehearing was granted. In the former opinion which appears in 68 S.D. 12, 297 N. W. 790, the court failed to consider certain statutory provisions which are urged by the respondent as being controlling in the present dispute. The respondent cites and relies especially upon SDC 45.0201(88) and 45.1501. It appears from the record that the injury upon which the claim for compensation is based occurred October 10, 1938, which was before the effective date of the Code of 1939 and, of course, the Code sections are not applicable. These Code sections find their source in Chapter 235, Laws of 1925, which was the law in effect at the time Mr. McCarthy was injured. This law is as follows: "No contracts of any municipal corporation shall be valid unless authorized by a vote of the governing body, at a duly assembled meeting thereof; all written contracts shall be signed by the Mayor or president of the board of trustees, be countersigned by the city auditor or town clerk, and have the corporate seal attached; and all contracts for local improvements, for which special assessments are to be levied, except sidewalks and bulkheads, must be let to the lowest responsible bidder; Provided, that whenever the bid of the lowest responsible bidder for any local improvement shall exceed by ten percent (10%), the City Engineer's estimate of the cost of such local improvement, the governing body of such municipal corporation may, in its discretion, direct any such local improvement or any part thereof which it shall deem necessary to be made, to be done by day's work under the direction of the governing body of such municipal corporation, or any officers of said municipal corporation whom the governing body of such municipal corporation may designate; Provided, that the city council, board of commissioners or

board of trustees shall have the right to reject any and all bids and to re-advertise for proposals, if none of the bids are satisfactory or if they believe any agreement has been entered into between the bidders to prevent competition; provided, however, that no such local improvements shall be constructed by day's pay when the City Engineer's estimate of the cost of such improvement is in excess of $5000.00; provided, in the case of waterworks improvement, the governing body of such municipal corporation may in its discretion direct any such local improvement or any part thereof which it shall deem necessary to be made to be done by day's work under the direction of the governing body of such municipal corporation, or any officers of such municipal corporation whom the governing body of such municipal corporation may designate; provided, however, that no such waterworks improvement shall be constructed by day's pay when the City Engineer's estimate of the cost of such improvement is in excess of $10,000.00. Provided further that whenever any improvement is done by day's work under the direction of the governing body, the city auditor, upon the completion of the improvement, shall prepare and file for public inspection in his office, an itemized statement, verified by himself, of the cost paid out or incurred, in the construction of such improvement."

Respondent's contention, viewed in the light of this applicable statute, is substantially as follows: McCarthy was performing this work, being paid on a daily basis, and it follows that by reason of the provisions of this statute, he was under the direction of the governing body of the city in such a manner as to negative the independence of any contract for the performance of the work. However, this 1925 law is applicable only to "contracts for local improvements, for which special assessments are to be levied." The law is an amendment to Section 6347, R. C. 1919, the amendment being the first, third, and fourth provisos appearing in the 1925 act. These provisos should not be held to be broader than the clause of the statute to which they relate and attach a condition, and that clause is limited to "local improvements, for which special assessments are to be levied."

274

See, 59 C. J., Statutes, §§ 640, 641, page 1090. The work being performed by Mr. McCarthy at the time he was injured was not a local improvement for which special assessments were levied, and the statute has no application.

Respondent further contends that Mr. Sorenson was without authority to contract with Mr. McCarthy for the performance of the work as such contract was not authorized by a vote of the governing body at a duly assembled meeting thereof as required by Chapter 235, Laws of 1925. However, as against this contention of respondent, the contract was subject to ratification by the city. Stockwell v. City of Sioux Falls, 68 S. D. 157, 299 N. W. 453. The record clearly establishes that the governing body did ratify the acts of Mr. Sorenson in securing Mr. McCarthy to perform this work when it approved and paid the bill submitted by Mr. McCarthy.

We adhere to the result reached in our former opinion. All the Judges concur.