# CITY OF VERMILLION, Respondent v. HUGENER, Appellant

## (59 N. W.2d 732)

(File No. 9357.  Opinion filed August 6, 1953)
Rehearing denied December 30, 1953

**Everett A. Bogue,** Vermillion, for Plaintiff and Respondent.

**Henry C. Mundt** and **Acie W. Matthews,** Sioux Falls, **Norman Jaquith,** Vermillion, for Defendant and Appellant.

ROBERTS, P. J.   September 28, 1936, the City Council of Vermillion adopted a motion directing the mayor and city auditor to enter into a contract with Anton Hugener "for the renting of 50 acres of land at the price of $9 per acre for a period of 10 years with an option to lease it for an additional 5 years or to purchase at the price of $150 per acre and also an option to lease the additional 30 acres or purchase at the price of $150 per acre and to lease the entire 80 acres at $8 per acre."

September 29, 1936, the mayor and auditor entered into contracts with the owner of the said land under the terms set forth in the motion.   The city according to a recital in the agreements intended to use the land for "a municipal golf course and for city park purposes".   The city sought to finance the project in part through the Public Works Administration, but this agency insisted on a purchase of the land or a lease for a term of ninety-nine years.   October 16, 1936, the city and defendant owner executed two separate instruments, a lease and an option to cancel the lease.   The term of this lease was ninety-nine years from March 1, 1937, and the city was given the option to purchase the eighty acre tract at any time during the term of the lease at $150 per acre.   The parties in the second instrument contemporaneously executed agreed that either party after the expiration of fifteen years could give written notice of canceling the lease, provided that in the event the owner exercised the op-

tion to cancel the city would have the right to purchase the leased premises within three months after the giving of notice. October 23, 1936, the city council adopted a motion to the effect that the city "accept" the lease.

An ordinance of the City of Vermillion, dated April 16, 1951, contained recitals to the effect that the city exercised its option to purchase and directed the tender of the purchase price with demand for abstract showing marketable title and a warranty deed covering the premises to the city.

Defendant as a defense to this action for specific performance alleges that the city acted beyond its power and had no authority to enter into a contract for the purchase of the premises in question; that a lease.for ninety-nine years is for an unreasonable length of time and void; that the City of Vermillion did not by proper ordinance or resolution authorize the leasing of the premises with the option to purchase; and that fraudulent representations made by the city attorney in the negotiations with defendant for the lease and option defeat specific performance.

■ ■ Subdivision 10 of Section 6169, Rev.Code 1919, empowered a municipal corporation to acquire and manage parks within or without its corporate limits. These provisions in substance were incorporated into the South Dakota Code of 1939 as Section 45.0201(98). Defendant contends that because these provisions did not specifically include power to establish a golf course the city had no legal right to acquire land for that purpose. This court construing this statute has defined the word "park" as meaning a pleasure ground set apart for the recreation of the public, to promote its health and enjoyment. LeFevre v. Board of Commissioners of Brookings, 65 S.D. 190, 272 N.W. 795. We pointed out that the term has been held in other jurisdictions to include a public golf course. Booth v. City of Minneapolis, 163 Minn. 223, 203 N.W. 625; Golf View Realty Co. v. Sioux City, 222 Iowa 433, 269 N.W. 451; City of New Castle v. Lawrence County, 353 Pa. 175, 44 A.2d 589. A statute subsequently enacted grants to municipalities power to establish and maintain golf courses as a part of a park system. Chapter 206, Laws 1941. The purpose of this enactment may have

been to remove any doubt as to the authority of a municipality to acquire and maintain a golf course. It need not be implied that such authority was not included within the provisions of the statute referred to. It follows that the City of Vermillion had authority to acquire by lease or purchase land for a golf course.

■ SDC 38.0403 declares that no lease or grant reserving rent or services either "of agricultural land for a longer period than ten years" or "of any town or city lot for a longer period than ninety-nine years" is valid. Defendant does not contend that the tenancy was within the restriction which is directed at the leasing of agricultural land. It is clear that the eighty acre tract was not leased or intended to be used as agricultural land but was leased solely for a golf course and park purposes. See Ryan v. Sioux Gun Club, 68 S.D. 345, 2 N.W.2d 681. The other provisions apply only to land within the limits of a municipality and furthermore the term of the lease in the instant case was not longer than the specified statutory period of a valid lease of a town or city lot. If there is authority for the position that the duration of a lease not within the purview of the statute may render it invalid, attention has not been directed thereto. We shall not attempt to review the cases, but some of them hold that long term leases such as for ninety-nine years are valid under the common law. 32 Am.Jur., Landlord and Tenant, § 64. We think it quite clear that the leasing in the instant case was not for an unreasonable length of time. The effect of the two contracts contemporaneously executed on October 16, 1936, was not to grant possession for a fixed term of ninety-nine years. On the contrary, there was the express right after fifteen years to terminate the tenure of the city.

■ ■ Defendant contends that if the city had power in the first instance to acquire land for a golf course it could enter into a valid lease with option to purchase in the manner prescribed by statute and not otherwise. Counsel directs attention paticularly to the fact that the city council did not by resolution or ordinance authorize the mayor and city auditor to enter into the contracts of October 16, 1936. In support of his contention counsel refers to the provisions of SDC 45.0107

and 45.2519. These sections provide that contracts of a municipality will not be valid unless authorized by a vote of the governing body and that a municipality may provide by ordinance for the acquiring of land for public parks. In Stockwell v. City of Sioux Falls, 68 S.D. 157, 299 N.W. 453, this court had under consideration an option agreement signed by a city commissioner without authority to act. We held that the acts of officers leading up to the purchase of the land by the city were subject to ratification. It is admitted that the City of Vermillion when it exercised the option to purchase in May, 1951, had been continuously in possession of the premises since March, 1937, had paid rentals under the terms of the lease and had improved and used the premises as a golf course. The action of the city officers in entering into the lease was confirmed and approved by the city council as we have observed on October 23, 1936. We recognize that a municipality may not by waiver, or ratification, or acts ordinarily amounting to an estoppel give vitality to a prohibited contract. A municipality does not become liable for materials and labor where it is prohibited from contracting in any other than a specified way as, for instance, with the lowest bidder. Seim v. Independent Dist. of Monroe, 70 S.D. 315, 17 N.W.2d 342. The city had authority in the first instance to enter into the contracts in question and attempted to do so in an irregular manner. The city could ratify these contracts and the court was warranted in finding that there had been a ratification.

As above stated defendant alleged fraud as a defense. He asserts that the city attorney of Vermillion came to his place of business on October 16, 1936; that he represented to defendant that he had prepared a lease for 80 acres at an annual rental of $8 per acre; that in all other respects the terms of the lease were the same as the former lease for 50 acres at $9 per acre; that defendant relying upon the representations of the city attorney signed the lease without reading it; and that plaintiff had no knowledge of a lease for ninety-nine years until about the time of the commencement of the present action. All the negotiations respecting the leasing and option to purchase according to the testimony of the two witnesses who were aldermen at the time were not carried on between

defendant and the city attorney. They testified that in conversations with defendant before execution of the lease they explained to him the need of a lease for ninety-nine years.

The findings of the trial court pertinent to the issue of fraud are as follows: "that neither the plaintiff nor its agents or representatives perpetrated any fraud or deceit upon the defendant in execution and delivery of the lease dated October 16, 1936, and the court finds that all of the leases mentioned above gave the plaintiff substantially the same option to buy the premises therein described at any time within fifteen years from their date; * * * that the defendant had full knowledge of the terms and provisions of the lease and contemporaneous agreement dated October 16, 1936, which said knowledge was acquired by the defendant as the result of negotiations between him and the governing body of the City of Vermillion or members thereof, and that at no time were the contents of said lease and contemporaneous agreement dated October 16, 1936 withheld or concealed from the defendant."

██ ██ Fraud is never presumed or lightly inferred and the burden of proving fraud rests on the party who relies on it either for the purpose of attack or defense. Breneman v. Aune, 74 S.D. 324, 44 N.W.2d 219. The trial court was not convinced that defendant established fraud and a careful examination of the evidence leads us to conclude that the findings of the court are amply sustained.

The judgment appealed from is affirmed.

All the Judges concur.