Sheryl Randall STROH, Plaintiff and Appellee,

v.

TOWN OF JAVA, South Dakota, a Municipal Corporation, Defendant and Appellant.

No. 17051.

Supreme Court of South Dakota.

Considered on Briefs Sept. 21, 1990.

Decided Dec. 12, 1990.

Mark K. Kroontje of Seiler & Cain, Herreid, for plaintiff and appellee.

R. Stephen Cowan of Von Wald Law Offices, Selby, for defendant and appellant.

PER CURIAM.

The town of Java (Java) appeals from a summary judgment in favor of Sheryl Stroh (Stroh) in her breach of contract action. We reverse and remand.

### FACTS

Java owns a municipal bar. On November 16, 1988, Java and Stroh entered into a written "Bar Work Agreement" (contract), under which Stroh contracted to manage the bar. The contract was signed by Stroh and Arthur C. Frank (Frank), president of the Java town board. Stroh had considered leasing the bar from Java and, after signing the contract, she asked what would happen if she decided to lease the bar. In response, on Stroh's copy of the contract, Frank penciled in language stating, "agreement can be terminated by either party with two weeks notice." Apparently, Frank later had this "termination" language typed in on Java's copy of the contract.

Prior to entering into the contract with Stroh, Java had been attempting to lease the bar. Java continued these efforts after contracting with Stroh. On January 13, 1989, Frank informed Stroh's husband, Rodney, that a party had been located to lease the bar. Frank also informed Rodney that Java would no longer need Stroh's services after January 31, 1989. No formal action by the Java town board authorized Frank to convey this notice.

On January 17, 1989, Stroh received a hand-delivered letter signed by Frank and Java's finance officer informing her that Java would be entering into an operating

agreement for the bar with another party on February 1, 1989, and that her employment would no longer be needed after January 31, 1989. Again, no formal action by the Java town board authorized this written notification before it was sent.

A special meeting of the town board was held on January 30, 1989. At that special meeting, the Java town board voted to enter into an operating agreement for the bar with Kent and Holly Wolforth. Although Stroh attended the meeting, there was no discussion of her employment or the termination of her contract.

Stroh left Java's employment on February 1, 1989. In March 1989, Stroh commenced this action for breach of contract. In her first cause of action, Stroh alleged that the "termination" language was added after the execution of the contract, without her consent, and was thus unenforceable. The trial court assumed the "termination" language was enforceable and resolved the case on Stroh's second cause of action. Thus, Stroh's appeal is based solely upon her second cause of action which alleged that Java's termination of the contract was ineffective because the Java town board had not formally voted to terminate her contract. Stroh further alleged that Frank's letter of termination was also an unauthorized and ineffective attempt to terminate the contract. On November 7, 1989, the Java town board voted to expressly ratify Frank's termination of Stroh's contract.

The trial court granted summary judgment in favor of Stroh. The trial court concluded that Frank's unauthorized actions constituted ineffective attempts to terminate Stroh's contract. The trial court held that the town board's November 7, 1989, express ratification of Frank's actions could not retroactively validate his actions and that recognition of the express ratification, "would be unconscionable if it were upheld." The trial court thus re-

solved the case on Stroh's second cause of action and determined that the first cause of action was rendered moot. The trial court entered a Judgment in favor of Stroh for $13,815.54 plus costs. Java appeals.

## DECISION

■ A summary judgment will be affirmed if there are no genuine issues of material fact and the legal questions have been correctly decided. *Bego v. Gordon*, 407 N.W.2d 801 (S.D.1987). Neither party argued that there were material questions of fact. Consequently, review of the trial court's decision centers on the legal question of whether the actions of the Java town board could and did ratify Frank's unauthorized termination of Stroh's contract.

■ A municipality may reserve the right to terminate a contract. *S & D Maintenance Co., Inc. v. Goldin*, 844 F.2d 962 (2nd Cir.1988); *Refreshment Services Co. v. City of Cleveland*, 63 Ohio St.2d 89, 406 N.E.2d 1115 (1980). *See also* 10A McQuillin, Municipal Corporations § 29.120 (3rd ed.1990). Java has not alleged that Frank, as town board president, had authority to independently exercise the termination clause without some form of board approval.* Java concedes that the town board did not authorize the termination of Stroh's contract prior to Frank's actions. However, Java contends that the town board subsequently ratified Frank's actions and thereby authorized and validated the termination of Stroh's contract. Accordingly, Java contends that there was no breach of contract.

■ This Court has previously held that a municipality may ratify contracts which were entered into without prior authorization by the governing body. *City of Vermillion v. Hugener*, 75 S.D. 106, 59 N.W.2d 732 (1953). In *Hugener*, the city council of Vermillion voted to ratify the

* In *Finck v. City of Tea*, 443 N.W.2d 632 (S.D. 1989) this Court held that a mayor in an aldermanic form of municipal government has statutory authority to terminate appointive city officers. *See* SDCL 9–14–13. However, with regards to a town run by a board of trustees, no such statute authorizes the president of a town board to terminate contracts. Rather, SDCL 9–7–7 provides that, "[a] majority of the members of the board shall constitute a quorum, but no act of the board shall be effective unless consented to by a majority of the members."

unauthorized actions of city officials who entered into a lease and option to purchase. In upholding the municipal ratification, this Court stated,

> [w]e recognize that a municipality may not by waiver, or ratification, or acts ordinarily amounting to an estoppel give vitality to a prohibited contract.
>
> \*     \*     \*     \*     \*     \*
>
> The city had authority in the first instance to enter into the contracts in question and attempted to do so in an irregular manner. The city could ratify these contracts and the court was warranted in finding that there had been a ratification.

*Hugener,* 75 S.D. at 110, 59 N.W.2d at 734.

Similarly, in *Stockwell v. City of Sioux Falls,* 68 S.D. 157, 159, 299 N.W. 453, 454 (1941), upholding Sioux Falls' ratified purchase of a gravel pit, this Court explained that: "[t]he [contract] was within the general corporate powers of the defendant city, and any unauthorized acts of the officers or agents of the city leading up to the [contract] were subject to ratification by the city." *See also McCarthy v. City of Murdo,* 68 S.D. 271, 1 N.W.2d 812 (1942) (ratification of a municipal employment contract).

Java argues that, on January 17, 1989, when the town board unanimously voted to enter into an operating agreement for the town bar with the Wolforths, it also impliedly ratified the previously unauthorized actions of Frank in terminating Stroh's contract. This Court has upheld the implied ratification of municipal contracts in at least two cases, although without explicitly identifying the ratification as implied. *Stockwell,* 68 S.D. at 454, 299 N.W. at 454; *McCarthy,* 68 S.D. at 275, 1 N.W.2d at 813. *See also McMahon v. City of Des Moines,* 232 Iowa 240, 4 N.W.2d 866 (1942). However, we have not discussed the concept of ratification in a municipal contract case. In other ratification cases, not involving municipalities, we have explained that:

> The affirmance required to establish ratification may be either express or implied from conduct showing an election to treat an unauthorized act as authorized, or by conduct which can be explained only if there was such an election. Ratification requires intent to ratify plus full knowledge of the material facts.

*Bank of Hoven v. Rausch,* 382 N.W.2d 39, 41 (S.D.1986) (citations omitted).

Other jurisdictions have explicitly applied those same principles of ratification to municipal contracts. For example:

> Ratification by a municipal corporation, like ratification by a private corporation or by an individual, 'may be by express assent, or by acts or conduct of the principal, inconsistent with any other supposition than that he intended to adopt and own the act done in his name.'

*City of New York v. Heller,* 127 Misc.2d 814, 487 N.Y.S.2d 288 (N.Y.Civ.Ct.1985) *aff'd* 131 Misc.2d 485, 503 N.Y.S.2d 995 (N.Y.App.Div.1986) *citing Seif v. City of Long Beach,* 286 N.Y. 382, 36 N.E.2d 630 (1941). *See also La. Consumer's League v. City of Baton Rouge,* 431 So.2d 35 (La. Ct.App.1983) *writ denied* 435 So.2d 431 (La.1983); *City of New Britain v. Hancock,* 34 Conn.Supp. 14, 373 A.2d 859 (1976).

The facts of this case demonstrate that the Java town board impliedly ratified Frank's unauthorized termination of Stroh's contract. Frank's actions simply constituted an unauthorized attempt to exercise the termination clause. If we assume that the termination clause was valid, Java had the ability and authority to exercise the termination clause and, as a matter of law, had the same ability to ratify Frank's actions. The Java town board's decision to enter into a bar lease agreement with the Wolforths is incompatible with the continued existence of Stroh's contract. Java could not lease the bar to the Wolforths and maintain an agreement with Stroh to operate the bar. Thus, it is clear that by approving a lease of the bar, the town board was also approving the termination of Stroh's contract.

Having concluded that the town board's January 17, 1989 actions constituted ratification of Frank's actions, we find it unnecessary to address Java's alternative argument concerning the express ratification

on November 7, 1990. The summary judgment is reversed. However, because of the trial court's prior erroneous resolution of that issue, other issues of law and fact, including the validity and enforceability of the two week termination clause in the contract, were left unresolved. The matter is remanded for resolution of remaining issues in accordance with this opinion.