(No. 33230.—

WILMA NICHOLS *et al.*, Appellees, *vs.* THE CITY OF ROCK ISLAND, Appellant.

*Opinion filed September 23, 1954.*

CHARLES D. MARSHALL, JR., of Rock Island, for appellant.

NORMAN R. WALKER, of Rock Island, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Rock Island County permanently enjoining and restraining the city of Rock Island, hereinafter called the city, from building a swimming pool, bathhouse, and parking lot in Long View Park, a park located within the city. The decree further prohibits the performance of any act or the expenditure of any public funds in connection with the proposed construction. The plaintiff-appellees, hereinafter called plaintiffs, sue as property owners and taxpayers. The city contends that none of the plaintiffs have a right to maintain this action.

Some of the plaintiffs are owners of property contiguous to the park property, and the others own property near the park. The complaint alleges that the contiguous property owners have an easement in the park. The basis for this claim, as alleged in the complaint, is that the property was conveyed to and accepted by the city as a public park and for park purposes and that said city holds the park under an express trust of which the contiguous property owners are some of the beneficiaries. It is further alleged that to permit the building of the swimming pool, bathhouse, and parking lot in said park would be a violation of the trust and a violation of the easement and that the construction would result in special damages and injuries to the plaintiffs and their property. This court has held a number of times that property owners whose property adjoins a public park may enjoin an illegal use of the park property without alleging or proving special injury. (*Village of Riverside* v. *MacLain,* 210 Ill. 308.) Therefore, the complaint does allege a proper cause of action,

and the plaintiffs who are contiguous property owners do have a right to maintain this proceeding.

The remaining plaintiffs, suing as owners of property near to but not contiguous to said park, allege that the building of a swimming pool, bathhouse, and parking lot, would be in violation of the grant of the property to the city, and because of the location of their property the building of the swimming pool, bathhouse, and parking lot would result in increased noise in the operation of the park, increased traffic on the streets in front of their property and bring about a depreciation of the value of their property. The city denies the right of these plaintiffs to maintain their suit, and in support of its position cites the case of *Koehler* v. *A Century of Progress,* 354 Ill. 347. That case, in substance, holds that a general taxpayer cannot maintain a suit to enjoin the misuse of public property which does not result in special injury to him, and that such relief can only be obtained by the people through their proper officers. The allegations here are that this group of plaintiffs who own property near the park are a special group of taxpayers who because of the location of their property would suffer special injury by reason of the construction of the swimming pool, bathhouse and parking lot. These allegations are sufficient, in view of the foregoing rule, to entitle these plaintiffs to commence this proceeding.

Inasmuch as the contiguous property owners claim an easement in the park property, which is denied in the answer of the city, the issues of the case require the determination of the existence of a perpetual easement in land, which is a freehold, and this court has jurisdiction of this cause upon direct appeal. *Wessels* v. *Colebank,* 174 Ill. 618.

The city contends that the decree of the trial court should be reversed for two reasons: (1) that the building of a swimming pool, bathhouse, and parking lot is not violative of the grant under which the park property was

conveyed to the city, nor would the building of the swimming pool violate the easement claimed by the contiguous property owners in the park property; (2) that the language of the deed conveying the park property to the city does not prohibit the building of a swimming pool, bathhouse and parking lot upon the premises.

The city acquired the park property on August 30, 1897, by deed. The deed conveyed the thirty-nine acres, more or less, to the city "for the purpose of a public park, and such reservoirs and other structures and buildings for the filtering, storage or use of water for the use of the inhabitants of the City of Rock Island, as may at any time and from time to time be considered desirable by the party of the second part or its successors as such municipality, and for no other use or purposes whatsoever * * *." The city agreed "to provide and enforce upon said premises all such police regulations as may from time to time be requisite and proper for the quiet and proper use of said premises, and for the use and purposes of a public park * * *."

The city, as title holder for the public, holds the land subject to the terms and conditions contained in the deed. The uses to which the land may be put are limited by the deed. Statutory grants of power to municipalities increasing the uses and purposes to which public parks, acquired other than by dedication, may be put have no application to a dedicated park. The language of the dedication and the intention of the donor manifested by that language must be ascertained and, once ascertained, carried out. *Village of Riverside* v. *MacLain*, 210 Ill. 308.

Let us consider the first contention of the city that the trial court erred in holding that the building of the swimming pool, bathhouse and parking lot in connection therewith was not a park purpose and would be in violation of the easement held by the contiguous property owners in the park. The deed here in question, by which the park

property was conveyed to the city, expressly states that the property was conveyed "for the purpose of a public park." Therefore, in order to determine whether the trial court was in error in its decree, it is necessary to determine whether the construction of a swimming pool, with bathhouse and parking lot, was a park purpose.

One of the early cases that gave consideration to the matter of what is a park purpose is that of *Furlong* v. *South Park Commissioners,* 320 Ill. 507. There the rule was stated to be as follows: "Park purposes are not confined to a tract of land with trees, grass and seats, but mean a tract of land ornamented and improved as a place of resort for the public, for recreation and amusement of the public. The construction and maintenance of a building for museums, art galleries, botanical and zoological gardens, and many other purposes, for the public benefit, are recognized as legitimate purposes. (*Laird* v. *Pittsburg,* 205 Pa. St. 1; *Spires* v. *City of Los Angeles,* 150 Cal. 64, 87 Pac. 1026; *Riggs* v. *Board of Education of Detroit,* 27 Mich. 262; *Huff* v. *Macon,* 117 Ga. 428, 43 S.E. 708; 3 Dillon on Mun. Corp. sec. 1096.)"

All parties in this proceeding rely upon the case of *Carstens* v. *City of Wood River,* 332 Ill. 400, and also at 344 Ill. 319. The facts in that case disclose that the City of Wood River sought to construct a swimming pool in a city park along with a bathhouse and pavilion. The total park area comprised 5.5 acres. The swimming pool, bathhouse, and pavilion were to be surrounded by a wire fence, and the entire enclosure would cover over one-half of the total area of the park. The city had acquired this park by deed for "park purposes." The trial court, on demurrer, dismissed the complaint of the taxpayers and adjoining property owners seeking to enjoin the construction. On appeal this court reversed, saying, "The conversion of a large portion of a small public park into a swimming pool, pavilion and concessions, and surrounding the portion of

the park converted into a swimming pool with a wire fence to prevent the free use of it by the public are certainly not park purposes." Upon remandment the *Wood River case* was tried again in the Madison County circuit court and dismissed by that court for want of equity. An appeal was again taken to this court, and the judgment of the trial court was affirmed. The reason given for the affirmation of the trial court decree was that the plaintiff was not the owner of property contiguous to the park but of property across the street therefrom, that he had not proved special damage to himself by the construction of the swimming pool, and that he had stood by while the structures complained of were constructed and placed into use.

Therefore, it cannot be said on the authority of the *Carstens cases* that the construction of a swimming pool is, as a general matter, not a park purpose. Rather, it can be said that the holding therein is that under the circumstances of that case the construction of the swimming pool in question would not be a park purpose. That the foregoing is the holding of the *Carstens case* is supported by the Supreme Court of South Dakota in *Lafevre v. Board of City Commissioners of the City of Brookings,* 65 S.D. 190, where that court said: "Nothing which was stated or decided in that case requires the conclusion that park purposes may not include a swimming pool. The question for decision was whether the use of a large portion of a small park for the purposes mentioned was consistent with park purposes."

The Supreme Court of Kansas, in *Smith v. Fuest,* 125 Kans. 341, held a swimming pool, under proper conditions, to be a park purpose, saying: "A city park is a place for recreation, rest, and amusement, and in a semi-arid district such as that in which the city of Liberal is located where adequate water courses and other bodies of water are lacking and opportunities for participation in the pastime of swimming and bathing are lacking, it is hard to conceive

of a more appropriate improvement for a city park than a well-constructed modern, sanitary swimming pool." Other courts, in cases of construction of municipal charters or powers or of restrictions in deeds, have reached similar results. *Bailey* v. *City of Topeka,* 97 Kans. 327; *Ashworth* v. *City of Clarksburg,* 118 W. Va. 476; *Bolster* v. *Lawrence,* 225 Mass. 387.

In the case at bar the building of the swimming pool, bathhouse and parking lot, as proposed, would occupy less than one acre or about one-fortieth of the park. Its construction would not prevent the use of a major part of the park area for many months of the year, as in the *Carstens case.* The park now contains many other items for the recreation of the public of the city of Rock Island, included among these are three greenhouses, a pavilion, two picnic areas, three tennis courts, a duck pond, a parking lot, a horseshoe court, and many other recreational facilities now in the park or which from time to time have been placed there by the municipal authorities. All the foregoing are, in our opinion, legitimate park purposes which make the said park a resort for the public for recreation and amusement. Likewise, we are of the opinion that the building of the swimming pool, bathhouse, and parking lot would also add to the enjoyment of the park property and that such use would not be in violation of the restrictions contained in the deed, but in fact would be in furtherance of the intention manifested by the donor at the time of the dedication of this park.

The court below in its decree, in addition to finding that the contemplated construction would be violative of the terms and condition of the deed under which the city accepted the park property, found that the swimming pool, bathhouse and parking lot, if built in the park, would constitute a nuisance. It must be assumed that the permanent injunction issued by the court was based upon its finding that the swimming pool, bathhouse and parking lot, if

constructed, would be violative of the terms of the deed as well as its finding that such construction would constitute a nuisance. From a careful review of the evidence in this case we do not believe that the construction of the swimming pool, bathhouse and parking lot would constitute a nuisance.

Swimming pools, parking lots or bathhouses in public parks are not nuisances *per se,* nor do we understand any of the parties to this proceeding to so contend. The finding that the swimming pool, parking lot and bathhouse would be a nuisance must, therefore, be based upon the assumption that these additions to the park, once made, would be used in such a manner that they would constitute a private nuisance to the plaintiffs. We do not find that the evidence in this case supports such a conclusion. The testimony, taken in the light most favorable to the plaintiffs, would indicate that at the worst the plaintiffs' damages, if any, are speculative and based upon an assumption of misuse of the parking lot, swimming pool and bathhouse, and is further based upon such highly conjectural items as increased traffic, prospect of trespassers crossing the plaintiffs' property and other similar items of damages which would not warrant the allowance of a permanent injunction. For in order to entitle one to permanent injunctive relief, he must establish actual and substantial injury and not merely technical, inconsequential or speculative wrongs, which, if they entitle him to any damages, would only entitle him to nominal damages. Here no irreparable damage is shown. *Haack* v. *Lindsay Light and Chemical Co.* 393 Ill. 367; *Thornton* v. *Roll,* 118 Ill. 350.

In order to entitle these plaintiffs to injunctive relief on the grounds of public or private nuisance, they must sustain the burden of showing by a strong case that the swimming pool, bathhouse and parking lot, while not a nuisance *per se,* would, if constructed, cause them special and irreparable damages, and, until such a showing is made,

the writ of injunction will be denied. Such a showing cannot properly be based upon conjecture as to the nature of the use of the swimming pool. The determination of the existence or nonexistence of a nuisance after the building and operation of the swimming pool must await the actual use of the property and a determination at that time based upon the then facts and circumstances.

For the reasons stated, the decree of the circuit court of Rock Island County is reversed, and this cause is remanded to that court, with directions to dissolve the permanent injunction.

*Reversed and remanded, with directions.*

Mr. JUSTICE KLINGBIEL took no part in the consideration or decision of this case.