*In re* ESTATE OF STACIE LYNN STEWARD, a minor (Glenn Steward *et al.*, Guardians of the Estate of Stacie Lynn Steward, Petitioners-Appellants, v. The United States of America, Respondent-Appellee).

Second District   No. 84—0736

Opinion filed June 28, 1985.

Peter J. Nordigian, of Lonchar, Nordigian & Radosevich, of Waukegan, for appellant.

Mark S. Feldheim, Assistant Director, United States Department of Justice, and Robert K. Willard, Assistant Attorney General, United States Department of Justice, both of Washington, D.C., for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Glenn Steward and Diana Steward, guardians of the estate of their daughter Stacie Lynn Steward, a minor, appeal from an order which denied their petition to increase annual support to the guardians and to allow payment for a portion of real estate taxes and insurance for an addition to their residence, from a trust established for

the benefit of their daughter by the United States of America.

The issue presented for review is whether the terms of a trust agreement created by the United States of America for the benefit of Stacie Lynn Steward, a minor, can be interpreted to permit an increase in annual support to the guardians beyond the amount specified in the trust agreement and to allow payment from the trust for a portion of real estate taxes and insurance for an addition to the guardians' residence constructed for care of the minor.

Stacie Lynn Steward was born on September 3, 1973, at William Beaumont Army Medical Center while her father was a military serviceman. She was born a quadriplegic, brain-damaged child, allegedly caused by the negligence of military physicians during her mother's pregnancy. A claim was presented on behalf of the minor against the United States of America under the provisions of the Federal Tort Claims Act. Subsequently, petitions were filed by the minor's parents in the circuit court of Lake County, Illinois, for their appointment as guardians of the estate of the minor and for authority to settle the disputed claim against the United States of America, to release all claim of liability against the government, and to accept a trust agreement for the benefit of the minor. The court appointed Glenn Steward and Diana Steward guardians of the minor's estate, and approved the settlement of the claim against the United States of America as set forth in a trust agreement.

Essentially, the trust agreement provides that a $300,000 trust was to be established by the government for the use and benefit of Stacie Lynn Steward, which was to be administered by the American National Bank and Trust Company, as trustee, subject to the terms of the trust agreement. Pertinent to the issue raised on appeal, one of the terms of the trust agreement provided that the trustee pay to the guardians, who were responsible for the day-to-day care of Stacie in their home, the sum of $5,200 per year as long as the minor is cared-for in the home. The trust agreement also states that "[t]his Trust shall be irrevocable and may not be amended, modified or changed in any respect." Further, the trust agreement provides that the laws of the State of Illinois would govern the validity, construction, and interpretation of the provisions of the agreement, as well as all other questions of law relative to the administration and accounting for the trust agreement.

On March 18, 1983, the guardians filed in the circuit court of Lake County a petition for leave to make expenditures, requesting payment from the trust funds necessary for (1) an addition to their residence necessary for the care of Stacie, (2) payment of real estate

taxes and insurance resulting from the addition, and (3) an increase in the annual support payment to the guardians from $5,200 to $7,800. The guardians and the United States of America agreed to an order which allowed an expenditure from the trust for an addition to the residence as a necessary medical expense for the care of Stacie, under the provisions of the trust. However, the parties did not agree to the two other requests for expenditure of funds from the trust, and briefs were submitted on those issues to the trial court. Without an evidentiary hearing, the trial judge denied the requests in the petition to increase the yearly support payment to the guardians and to allow payment for real estate taxes and insurance attributable to the addition to the residence.

On appeal, Glenn Steward and Diana Steward, guardians of the estate of Stacie Lynn Steward, a minor (hereinafter petitioner) seek reversal of the order denying their request for expenditures from the trust and, alternatively, ask that the cause be remanded to the trial court for an evidentiary hearing to ascertain the intention of the parties and the settlor, the United States of America (hereinafter respondent), regarding whether Stacie was originally not expected to live more than five years and whether the support payments to the guardians in the trust agreement were premised on that intention.

The rules of construction which apply to the interpretation of contracts apply to the construction of trust instruments as well. (*In re Support of Halas* (1984), 104 Ill. 2d 83, 92, 470 N.E.2d 960; *Northern Trust Co. v. Tarre* (1981), 86 Ill. 2d 441, 450, 427 N.E.2d 1217.) The purpose of judicial construction of a trust instrument is to ascertain and to give effect to the settlor's intent (*In re Support of Halas* (1984), 104 Ill. 2d 83, 92, 470 N.E.2d 960), and it is not the function of a court to modify the document or create new terms different from those to which the parties have agreed (*Northern Trust Co. v. Tarre* (1981), 86 Ill. 2d 441, 450, 427 N.E.2d 1217). The settlor's intent is to be determined, if possible, from the language of the instrument itself. (*Ford v. Newman* (1979), 77 Ill. 2d 335, 338-39, 396 N.E.2d 539.) The provisions of the instrument are to be read as a whole, not in isolation. *Vournazos v. Vournazos* (1979), 71 Ill. App. 3d 672, 676, 390 N.E.2d 19.

If an instrument is ambiguous and the settlor's intent cannot be ascertained from its terms, a court may employ rules of construction and search beyond the document to determine the sense in which the parties used particular language. (*2416 Corp. v. First National Bank* (1976), 64 Ill. 2d 364, 371-72, 356 N.E.2d 20.) On the other hand, when the words used in their ordinary sense are plain and their mean-

ing clear, construction demands the use of the plain intention. (*2416 Corp. v. First National Bank* (1976), 64 Ill. 2d 364, 371, 356 N.E.2d 20.) The construction of an unambiguous contract, or the determination of whether a contract is ambiguous, is purely a question of law. *In re Estate of Bajonski* (1984), 129 Ill. App. 3d 361, 366, 472 N.E.2d 809.

In the present case, the trust created by respondent in a compromise settlement was funded with a $300,000 *corpus* to be managed exclusively by the American National Bank and Trust Company for the benefit of Stacie. The trust agreement expressly provides that it is irrevocable and cannot be amended, modified or changed in any respect, and will be interpreted by the laws of the State of Illinois. In this petition, however, petitioner first seeks a modification of a term of the trust agreement to increase annual payments from $5,200 to $7,800 per year. Even though a term of the trust agreement specifically provides that the guardians, who are responsible to provide the day-to-day care of Stacie in their home, are to be paid $5,200 per year "so long as *** Stacie *** is cared for in the home," petitioner argues that costs for care have increased since the settlement in 1973, and an increase in support to the guardians is warranted. Petitioner further maintains that it would be far more expensive for the government if Stacie were placed in an institution rather than to continue to reside with her parents.

The amount of the annual payment to the guardians for day-to-day care is expressly fixed at $5,200 in the trust agreement. While another provision authorizes the trustee to pay ordinary and necessary medical expenses incurred by the guardian which are attributable to medical care furnished to Stacie without any such specific limitation as to amount, the specific provision for payment to the guardians for day-to-day care gives no discretion to the trustee to increase or decrease the $5,200 per year. Had the parties intended the support payment to be modifiable on a change in circumstances, such a clause could have been inserted. To the contrary, however, the trust agreement instead, by its terms, was specifically made nonmodifiable.

We conclude that the trust agreement as to this provision is clear and unambiguous. The intention of the settlor is clearly to pay to the guardians $5,200 per year for the day-to-day care of Stacie as long as she resides in the guardians' residence. The trial court correctly denied the request for an increase in the $5,200 support provision for the guardians.

With respect to the request for payment from the trust for real estate taxes and insurance attributable to the addition to the guard-

ians' residence, we likewise conclude that this was properly denied. There is no specific provision for this expense in the trust agreement. Such expenses are clearly not medical expenses, but more properly fall within the general day-to-day care expense provided by the guardians for which they are paid $5,200 per year.

■■ Finally, we briefly address petitioner's alternative contention that the trial court improperly "dismissed" the petition without an evidentiary hearing. Petitioner argues that we should remand for an evidentiary hearing to consider the contention that it was the original intent of the settlor in 1973 to provide in the trust agreement for the support and care by the guardians to Stacie for a five-year period because that was her life expectancy at the time. We first observe that the petition was denied, not dismissed as the petitioner contends. From our examination of the common law record provided to this court by petitioner, it is clearly evident that the case was submitted to the trial judge for decision upon the pleadings, memoranda of law submitted by the parties, and arguments of counsel. The record contains an order which states the requests for the expenditures at issue were to be "taken on briefs." The memorandum submitted below by plaintiff does not contain a request for an evidentiary hearing, nor was any post-trial motion made objecting to the trial procedure. No transcript of any of the proceedings below were provided to this court by petitioner.

An appellant has the burden to present a sufficiently complete report of proceedings at trial to support a claim of error, and, in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958; *Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 660-61, 435 N.E.2d 852.) Thus, on this record we conclude that petitioner did not request an evidentiary hearing or object to the lack of one in the proceedings below. Petitioner cannot complain now that there is error in failing to receive evidence which was never requested or offered. (See *Skokie Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.* (1983), 116 Ill. App. 3d 1043, 1060-61, 452 N.E.2d 804.) A party cannot invite the court to decide the case without an evidentiary hearing and later claim error in the procedure utilized. See *Catalano v. Pechous* (1980), 83 Ill. 2d 146, 154-55, 419 N.E.2d 350.

In any event, extrinsic evidence is not proper here where, as discussed above, the settlor's intent from the terms of the trust agreement is clear and unambiguous.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

HOPF and LINDBERG, JJ., concur.