LAWRENCE W. DUVALL, Plaintiff-Appellee, v. LA SALLE NATIONAL BANK, as Trustee, *et al.*, Defendants (Leonard Duvall, Defendant-Appellant).

Third District   No. 3—88—0192

Opinion filed December 29, 1988.

Boyle, Goldsmith & Shore, of Hennepin (Walter Durley Boyle, of counsel), for appellant.

Myers, Daugherity, Berry & O'Conor, Ltd., of Ottawa (Eugene P. Daugherity, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Defendant Leonard Duvall appeals the order entered by the circuit court of Putnam County granting plaintiff Lawrence W. Duvall's motion for summary judgment and declaring the language contained in the will of Fern H. Duvall, deceased, pertaining to the rental of her farmland to Leonard Duvall to be precatory and not binding on the trustee, La Salle National Bank. We affirm.

Fern H. Duvall, a resident of La Salle County, died testate on March 2, 1982, owning 160 acres of farmland situated in Putnam County, Illinois. At the close of the administration of her estate, the farmland was distributed to the trustee pursuant to the third article of her will, which established a trust estate known as the "Residuary Trust." This article of the will provided, *inter alia*:

"(1) Commencing with the date of my death, the net income from the Residuary Trust shall be paid to my husband, Lawrence W. Duvall, *** during his lifetime ***.

(2) Upon the death of my husband, the Residuary Trust herein created shall cease and determine and all accrued and undistributed income from said trust shall be paid to the Executor or Administrator of my husband's estate.

(a) Any of my farms in Illinois to be rented to my nephew, Leonard Duvall, if he survives me, or to a qualified tenant, if he does not survive me."

The fifth article of the will granted the trustee the statutory powers authorized in the Trusts and Trustees Act (Ill. Rev. Stat. 1987, ch. 17, par. 1654 *et seq.*), including the power to sell assets of the trust estate and the power to lease the property of the trust estate. In granting the trustee the power to sell trust assets, this article contained language expressing her desire that the farmland be retained until the trust estate terminated; however, when granting the trustee the power to lease the property of the trust estate, no statement of limitation or preference as to current or prospective lessees or lease terms and conditions was inserted.

In August 1984, Lawrence W. Duvall filed a complaint for quiet title and partition requesting construction of the will as to the trustee's discretion to lease the farm property; namely, whether the language pertaining to the rental of the farm property to Leonard Duvall contained in the third article of decedent's will is precatory or binding on the trustee in the exercise of its power to lease granted in article 5.

■■ ■ It is well settled that the primary principle of trust and will construction is to determine the settlor's or testator's intention and

that the court is to give effect to that intention if it is not in conflict with an established rule of law or of public policy. (*In re Estate of Steward* (1985), 134 Ill. App. 3d 412, 480 N.E.2d 201; *In re Estate of Cancik* (1984), 121 Ill. App. 3d 113, 459 N.E.2d 296.) Further, the determination of the settlor's or testator's intent is to be derived from a consideration of the instrument as an integrated document as opposed to the interpretation of particular phrases, clauses or sentences. (*First National Bank v. Canton Council of Campfire Girls, Inc.* (1981), 85 Ill. 2d 507, 426 N.E.2d 1198; *Carr v. Hermann* (1959), 16 Ill. 2d 624, 158 N.E.2d 770.) When presented with alternative constructions of a will or trust instrument, the preferred construction is that which will give effect to all provisions and which will ascribe meaning to the testator's or settlor's language viewed in the context of the dispositive plan reflected in the instrument. *Whitmore v. Starks* (1959), 17 Ill. 2d 202, 161 N.E.2d 254; *Stites v. Gray* (1954), 4 Ill. 2d 510, 123 N.E.2d 483.

██ In the instant cause, the structure of Fern H. Duvall's will clearly reveals that her primary dispositive intention was the preservation of her residuary estate for the benefit of her husband, not the continuance of her nephew's tenancy. To effect this intention, a trust estate was created and a corporate trustee was chosen to administer the trust estate. Further, the corporate trustee was granted the statutory powers authorized in the Trust and Trustees Act (Ill. Rev. Stat. 1987, ch. 17, par. 1654 *et seq.*) to enable it to fully administer the trust estate for the benefit of her husband. Though article 5 contains precatory language concerning her desire that the farm property be retained during administration of the trust estate, there is a clear absence of language restricting the trustee's power to sell the farmland. This, coupled with an absence of either precatory or mandatory language concerning the trustee's power to lease the farmland, supports the construction that her intent was to grant the trustee ultimate discretion in administering the trust estate, both in terms of sale and leasing of trust assets.

The language at issue contained in the clause of article 3 pertaining to rental of the farm property to her nephew contains neither customary precatory nor limiting terms and is made more ambiguous in the context of the unqualified power to lease granted to article 5. A construction finding this clause to be mandatory and therefore binding on the trustee would effectively render the unqualified power of the trustee to lease in article 5 meaningless and mere surplusage. Further, it would inhibit the trustee in administering the trust estate to achieve the decedent's ultimate intention that it be administered

for the primary benefit of her husband.

The trial court's finding that the language selected in drafting the clause of article 3 was precatory in nature gives meaning and effect to the provisions addressing the trustee's power to lease contained in both articles. This construction grants the corporate trustee flexibility in effecting the decedent's intention that the trust estate be administered and preserved for the primary benefit of her husband.

We therefore find no error in the trial court's declaration that the language pertaining to rental of Fern H. Duvall's farmland to her nephew is precatory in nature and therefore not binding on the trustee.

Accordingly, the judgment of the circuit court of Putnam County is affirmed.

Affirmed.

HEIPLE and WOMBACHER, JJ., concur.