NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 200074-U

NO. 4-20-0074

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

Rule 23 filed November 6, 2020

Modified upon denial of
Rehearing December 2, 2020

| | | |
|---|---|---|
| PROSPECT BANK, as Successor Trustee for the H.T. Bell Farm Trust, | ) ) | Appeal from the Circuit Court of |
|     Plaintiff-Appellee, | ) | Douglas County |
|     v. | ) | No. 19MR47 |
| DANIEL P. MEYER; MICHAEL W. MEYER; JEAN M. KAHN; JAMES C. MEYER; ANNA K. McGILLEN; JACILYN M. MANZELLA; SHRINERS HOSPITALS FOR CHILDREN, a Nonprofit Organization; SHRINERS HOSPITALS FOR CHILDREN-ST. LOUIS, a Nonprofit Organization; and THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* KWAME RAOUL, Attorney General of Illinois, | ) ) ) ) ) ) ) ) ) | |
|     Defendants | ) | |
| (Daniel P. Meyer, Michael W. Meyer, Jean M. Kahn, James C. Meyer, Anna K. McGillen, and Jacilyn M. Manzella, Defendants-Appellants, and Shriners Hospitals for Children and Shriners Hospitals for Children-St. Louis, Defendants-Appellees). | ) ) ) ) ) | Honorable Wm. Hugh Finson, Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly granted plaintiff a declaratory judgment declaring testatrix's will with its two codicils did not grant defendants-appellants a long-term or lifetime leasehold interest in the Trust's farmland, but the court erred by granting a declaratory judgment on the other declarations requested by plaintiff.

¶ 2    In August 2019, plaintiff, Prospect Bank, as successor trustee for the H.T. Bell

Farm Trust (Trust), which was established by the last will and testament (as amended by the first

and second codicils) of Mary Lou McGrew (testatrix), filed a complaint for a declaratory

judgment against defendants, Daniel P. Meyer; Michael W. Meyer; Jean M. Kahn; James C. Meyer; Anna K. McGillen; Jacilyn M. Manzella; Shriners Hospitals for Children, a nonprofit organization; Shriners Hospitals for Children-St. Louis, a nonprofit organization; and the People of the State of Illinois *ex rel.* Kwame Raoul, Attorney General of the State of Illinois. Daniel P. Meyer, Michael W. Meyer, Jean M. Kahn, James C. Meyer, Anna K. McGillen, and Jacilyn M. Manzella (collectively the Meyer siblings) are the adult children of Wayne N. Meyer, who are mentioned in testatrix's second codicil to her last will. Shriners Hospitals for Children and Shriners Hospitals for Children-St. Louis (collectively Shriners defendants) are the Trust's charitable beneficiaries. Plaintiff sought a judgment declaring the following: (1) testatrix's will and its codicils do not grant Wayne or any of his children, including Daniel, a long-term or lifetime leasehold interest in the Trust's farmland; (2) the current lease between the Trust and Daniel, which runs for one year and expires on March 1, 2020, may be terminated or nonrenewed in accordance with its terms; and (3) any sale of the Trust's farmland is subject only to the farm lease's current term ending on March 1, 2020, and the farm lease may be terminated thereafter. In October 2019, Shriners defendants filed a motion for judgment on the pleadings in favor of plaintiff. After a January 2020 hearing, the Douglas County circuit court entered a written order granting Shriners defendants' motion and entering the declaratory judgment requested by plaintiff.

¶ 3        The Meyer siblings appeal, asserting (1) the farm lease cannot nullify testatrix's testament and (2) testatrix's testamentary intent controls. We affirm in part and vacate in part.

¶ 4                                  I. BACKGROUND

¶ 5        Testatrix executed her last will and testament at issue in this case on May 24, 1991. In September 1992, she executed a first codicil to her 1991 will in which she revoked the

third section of her 1991 will and replaced it with language establishing the Trust and devising all of her farm real estate to the Trust, which included the farm leased by Daniel. (Given the Trust at issue is a testamentary one created by the first codicil and later amended by a second codicil, we refer to the Trust's language and the codicils' language interchangeably.) The Trust was a charitable remainder unitrust with Shriners Hospitals for Children as the charitable beneficiary. The first codicil specified that, after the death of testatrix's sister, Harriet Bell, the Trust's income was to be used for Shriners Hospitals for Children's hospital located in St. Louis, Missouri. At that time, the trustee was to pay Shriners defendants all of the Trust's net income in quarterly installments. Additionally, paragraph (A)(6) of the Trust addressed prohibited transactions and stated the following:

> "The Trustee shall make distributions at such time and in such manner as not to subject the Trust to tax under section 4942 of the [Internal Revenue] Code [(26 USC § 4942 (1988))]. Except for the payment of the unitrust amount to the Recipient, the Trustee shall not engage in any act of self-dealing, as defined in section 4941(d) [(26 USC § 4941(d) (1988))] and shall not make any taxable expenditures, as defined in section 4945(d) [(26 USC § 4945(d) (1988))]. The Trustee shall not make any investments that jeopardize the charitable purpose of the Trust, within the meaning of section 4944 [(26 USC § 4944 (1988))] and the regulations thereunder, or retain any excess business holdings, within the meaning of section 4943(c) [(26 USC § 4943(c) (1988))]."

¶ 6 On August 26, 1994, testatrix executed a second codicil to her 1991 will adding paragraph (B)(3)(j) to the third section of her will, which was the section creating the Trust. Paragraph (B)(3)(j) stated the following:

"I direct that the Trustee continue to rent the farm on conditions and terms similar to those in effect at my death, to the present farm tenant, Wayne N. Meyer, or to any of his adult children, provided that either Wayne Meyer or his adult children to whom the farm is rented are actively engaged in farming and agree to personally farm the land themselves and provided further that they follow good farming practices as determined by the Trustee in its sole discretion."

The testatrix ratified and confirmed her will in all other respects.

¶ 7        On September 23, 1996, testatrix's farm manager, First of America Agricultural Services, and Daniel entered a farm lease (1996 Lease), which was for the period of March 1, 1997, to the last day of February 1998. The 1996 Lease was a 50/50 crop share lease and provided, in pertinent part, the following:

"LENGTH OF TENURE: The term of this lease shall begin on *March 1, 1997*, and shall continue through the last day of *February, 1998*, and year to year thereafter, unless terminated in writing executed by either the Landowner, his Agent or Tenant not less than four months prior to the end of the current lease year.

EXTENT OF AGREEMENT: Terms of this lease shall be binding on the heirs, executors, administrators or assigns, or agents for both the Landowner and Tenant, in the same manner as upon the original parties." (Emphases in original.)

According to the complaint, the aforementioned farm lease had continued to renew annually since its execution. At the time of the August 2019 complaint, the farm lease's current term was to end on the last day of February 2020. The complaint also stated the Trust was comprised of 198.23 acres of farmland in Douglas County and $35,638.13 in cash as of June 30, 2019.

¶ 8        Testatrix died on August 7, 1998, and Bell died on February 21, 1999.  On October 1, 2009, Edgar County Bank and Trust Company became the Trust's successor trustee, and Edgar County Bank became known as Prospect Bank, plaintiff, on August 1, 2017.

¶ 9        In August 2019, plaintiff filed its complaint for declaratory judgment.  Plaintiff noted it had determined selling at least some of the Trust's farmland and investing the proceeds in more liquid assets was in the best interest of the Trust because it would provide liquidity to continue to make sufficient charitable distributions to avoid a substantial excise tax imposed by the Internal Revenue Service.  It further alleged Daniel had asserted testatrix's will, with its codicils, granted him a leasehold interest in the Trust's farmland for as long as he or his siblings choose to farm it and thus the property must be sold subject to such a continuing long-term leasehold interest.  Plaintiff contended the will did not grant the Meyer siblings such an interest in the farmland and the interest asserted by Daniel would diminish the value for which the farmland could be sold.  In paragraph 50 of the complaint, plaintiff alleged the following:  "An actual controversy exists between the Trustee and [Daniel] as to whether the Will (as amended by the First and Second Codicils) created a lifetime or long-term leasehold interest in the Trust's farmland for Wayne N. Meyer or any of his children (including [Daniel])."  The relief prayed for by plaintiff in its complaint was a court order declaring the following:

"a.  The Last Will and Testament of Mary Lou McGrew (as amended by the First and Second Codicils) does not grant Wayne N. Meyer or any of his children (including Daniel P. Meyer) a long-term or lifetime leasehold interest in the Trust's farmland (as described in *Exhibit E*).

b.  The current lease between the Trust and the Meyer Tenant runs for one year, expiring on March 1, 2020, and may be terminated or non-renewed in

accordance with its terms.

     c. Any sale of the Trust's farmland is subject only to the Farm Lease's current term, which ends on March 1, 2020, and the Farm Lease may be terminated thereafter." (Emphasis in original.)

Additionally, plaintiff attached to its complaint the following: (1) testatrix's last will and testament with the first and second codicils, (2) the farm lease executed in 1996, and (3) a plat of survey with an attached legal description for the Trust's farmland.

¶ 10     Shriners defendants and the Attorney General both filed answers requesting the circuit court to enter an order issuing the aforementioned declarations requested in plaintiff's complaint. The Meyer siblings filed an answer, requesting the court enter an order declaring the following:

     "a. The Last Will and Testament of Mary Lou McGrew (as amended by the First and Second Codicils) does grant Wayne N. Meyer or any of his adult children (including Daniel P. Meyer) that are actively engaged in farming, personally farming the land themselves and following good farming practices, a long-term leasehold interest in the Trust's farmland as described in Exhibit E of the Complaint.

     b. The term of the current lease between the Trust and Daniel P. Meyer runs for as long as Daniel P. Meyer is actively engaged in farming, personally farming the land himself and following good farming practices.

     c. Any sale of the Trust's farmland is subject to a leasehold interest held by the children of Wayne M. Meyer that are actively engages [*sic*] in farming, personally farming the land themselves and following good farming practices,

those children to include Daniel P. Meyer, the current tenant."

¶ 11 In October 2019, Shriners defendants filed a motion for judgment on the pleadings in favor of plaintiff on its complaint for declaratory judgment. Shriners defendants argued no genuine issue of fact existed that (1) plaintiff owed a duty to Shriners defendants through the charitable trust; (2) the terms of the Trust empowered plaintiff to sell all or part of the farmland; (3) the Trust documents did not create a long-term leasehold for the Meyer siblings; and (4) the sale of the farmland was subject only to the year-to-year tenancy, which then currently ended on February 29, 2020.

¶ 12 The Meyer siblings filed the first response to Shriners defendants' motion and contended a genuine issue of fact existed because the parties disagreed as to the intent of the language in the second codicil. They argued the language of the second codicil and the circumstances surrounding the making of the codicil clearly indicated testatrix did not provide the same benefit as provided by the lease. Instead, she gave the Meyer siblings an additional benefit of a long-term or lifetime leasehold interest that ended when the last of the Meyer siblings was no longer actively engaged in personally farming the land.

¶ 13 Plaintiff also filed a response, contending for the first time the language of the farm lease provided for a year-to-year tenancy that should be given effect without reference to extrinsic evidence, including the second codicil. It further argued that, to the extent the second codicil was considered when interpreting the farm lease, the second codicil still provided for a year-to-year tenancy and not a lifetime crop-share tenancy on the farm. According to plaintiff, giving the Meyer siblings a lifetime leasehold interest would undermine the will's plain language and the Trust's charitable purpose. Shriners defendants filed a reply also asserting the farm lease provided for a year-to-year tenancy and contained clear provisions for termination of the lease.

Shriners defendants also contended the second codicil should not be considered because it was parol evidence.

¶ 14   On January 9, 2020, the circuit court held a hearing on Shriners defendants' motion for judgment on the pleadings. The Attorney General, who did not file a response to the motion, did not appear at the hearing. After hearing the other parties' arguments, the court granted Shriners defendants' motion for judgment on the pleadings in favor of plaintiff. At the hearing, the court examined the language of both the second codicil and the farm lease and did not find any ambiguities. The court concluded the second codicil was "a request of the trustee to continue to rent the farm to the Meyer [siblings]." The court did not find the creation of a lifetime leasehold. In a written order, the court found an actual controversy existed between the parties regarding the interpretation of the farm lease. It concluded the language of the farm lease was not ambiguous and did not provide the Meyer siblings with a lifetime interest in the property. The court also found the second codicil to testatrix's will was extrinsic evidence that could not be used to alter the terms of the lease. The declaratory judgment order included all three declarations requested by plaintiff in its complaint.

¶ 15   On February 5, 2020, the Meyer siblings filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017), and thus this court has jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 16                                    II. ANALYSIS

¶ 17   On appeal, the Meyer siblings challenge the circuit court's grant of judgment on the pleadings in favor of plaintiff. Specifically, they argue the farm lease cannot nullify testatrix's testament and testatrix's testamentary intent controls. Shriners defendants assert the Meyer siblings (1) forfeited their arguments on appeal and (2) lack standing to raise their issues

on appeal. Both plaintiff and Shriners defendants contend the circuit court's grant of judgment on the pleadings in favor of plaintiff was proper.

¶ 18                              A. Standard of Review

¶ 19          " 'Judgment on the pleadings is proper where the pleadings disclose no genuine issue of material fact and the movant is entitled to judgment as a matter of law, *i.e.* similar to a motion for summary judgment but limited to the pleadings.' " *Area Erectors, Inc. v. Travelers Property Casualty Co. of America*, 2012 IL App (1st) 111764, ¶ 18, 981 N.E.2d 1120 (quoting *Parkway Bank & Trust Co. v. Meseljevic*, 406 Ill. App. 3d 435, 442, 940 N.E.2d 215, 223 (2010)). In ruling on such a motion, the court considers only those facts apparent from the face of the pleadings, judicial admissions in the record, and matters subject to judicial notice. *Area Erectors*, 2012 IL App (1st) 111764, ¶ 19. We review *de novo* a circuit court's grant of judgment on the pleadings. *Area Erectors*, 2012 IL App (1st) 111764, ¶ 19. Moreover, this court may affirm the circuit court's judgment on the pleadings on any basis in the record. *Lofthouse v. Suburban Trust & Savings Bank of Oak Park*, 185 Ill. App. 3d 889, 892, 542 N.E.2d 36, 38 (1989).

¶ 20                              B. Forfeiture

¶ 21          Shriners defendants note "[i]t has long been the law of the State of Illinois that a party who fails to make an argument in the trial court forfeits the opportunity to do so on appeal." *Vantage Hospital Group, Inc. v. Q ILL Development, LLC*, 2016 IL App (4th) 160271, ¶ 49, 71 N.E.3d 1. They claim the Meyer siblings are seeking reversal on grounds not raised before the circuit court. We disagree. In both their response to Shriners defendants' motion for judgment on the pleadings and in their briefs, the Meyer siblings emphasized the language of the second codicil and testatrix's intent. In its written order, the circuit court examined the language

- 9 -

of the lease and concluded the second codicil to the 1991 will was extrinsic evidence.  On appeal, the Meyer siblings assert the will is the pertinent document in this case and it gives them a lifetime leasehold in the farmland.  Accordingly, we find the Meyer siblings have not forfeited their appellate arguments.

¶ 22                                         C. Standing

¶ 23        Shriners defendants also assert the Meyer siblings lack standing to appeal the circuit court's grant of judgment on the pleadings.  Shriners defendants contends the Meyer siblings are neither beneficiaries nor do they have any other real interest in the Trust.  The Meyer siblings did not respond to this argument in their reply brief.

¶ 24        When analyzing standing in the case of a charitable trust, the question is whether the appellant has an interest in the trust property different from that of the public generally.  *Stoner Manufacturing Corp. v. Young Men's Christian Ass'n of Aurora*, 13 Ill. 2d 162, 165, 148 N.E.2d 441, 443 (1958).  "[I]f such special interest does not exist, then appellant has no standing to sue and the litigation is properly within the charge of the Attorney General."  *Stoner Manufacturing Corp.*, 13 Ill. 2d at 165, 148 N.E.2d at 443.  In *Holden Hospital Corp. v. Southern Illinois Hospital Corp.*, 22 Ill. 2d 150, 157, 174 N.E.2d 793, 796 (1961), our supreme court declined to address the intervenors' contentions on appeal because they lacked a special interest in the charitable corporation.

¶ 25        Shriners defendants contend this case is similar to *People ex  rel. Courtney v. Wilson*, 327 Ill. App. 231, 232, 63 N.E.2d 794, 795 (1945), where the Cook County state's attorney brought suit to enforce a charitable trust created under the last will and testament of the decedent, which provided a fund of $1,000,000 for the erection of a suitable memorial to Alexander Hamilton, against the trustees of the fund under the decedent's will and Eliel

Saarinen, the architect whose design for the statue was approved by the decedent before her death. Saarinen filed a counterclaim seeking money damages from the trustees. *Wilson*, 327 Ill. App. at 232, 63 N.E.2d at 795. The chancery court dismissed both the complaint and counterclaim, and only Saarinen appealed. *Wilson*, 327 Ill. App. at 233, 63 N.E.2d at 796. On appeal, the reviewing court emphasized the people of Illinois, speaking through their duly authorized officials, the state's attorney or the attorney general, have the exclusive right to control the case. *Wilson*, 327 Ill. App. at 243, 63 N.E.2d at 800. The court noted the aforementioned doctrine is so firmly imbedded in Illinois law that the supreme court "has not only refused to permit anyone other than the authorized representatives of the people to appear in court to enforce a charitable or public trust, but has invariably gone behind the mere name or cloak of the people and dismissed a case where it has appeared that the real party in interest is some individual seeking to further a personal cause." *Wilson*, 327 Ill. App. at 243, 63 N.E.2d at 800. While the reviewing court found it could dispose of the litigation on that question alone, the court chose to review the issue on the merits because of the grave charges raised against the trustees. *Wilson*, 327 Ill. App. at 243, 63 N.E.2d at 800.

¶ 26 Unlike Saarinen in *Wilson*, the Meyer siblings are mentioned in the portion of the testatrix's will that establishes the charitable trust. Specifically, they are identified in the section setting forth the trustees' rights, powers, and duties regarding investment of trust assets. The second codicil of the testatrix's will directs the trustee to continue to rent the farm to Wayne or the Meyer siblings. That provision gives the Meyer siblings a special interest different from the public generally. Moreover, this action involves a farm lease between the Trust and one of the Meyer siblings, and the circuit court declared the trustee could terminate the lease in accordance with its terms. The fact the order addresses the farm lease between the Trustee and one of the

Meyer siblings also makes this case distinguishable from *Wilson*. Thus, we find the Meyer siblings have standing to appeal the circuit court's January 2020 judgment.

¶ 27                                    D. Declaratory Judgment

¶ 28            Here, the circuit court granted Shriners defendants' motion for judgment on the pleadings in favor of plaintiff on its complaint for a declaratory judgment. The elements of a declaratory judgment action are the following: (1) a plaintiff with a legal tangible interest, (2) a defendant having an opposing interest, and (3) an actual controversy between the parties concerning such interests. *Beahringer v. Page*, 204 Ill. 2d 363, 372, 789 N.E.2d 1216, 1223 (2003).

¶ 29                                    1. *Relevant Document*

¶ 30            The Meyer siblings first contend the circuit court erred by allowing the testatrix's will with its codicils to be nullified by the farm lease. In their brief, Shriners defendants contend the farm lease is the only document that governs the rights of the Meyer siblings. Plaintiff also argues in its brief the farm lease should be given effect without reference to the will. We agree with the Meyer siblings the testatrix's will with its codicils is the relevant document.

¶ 31            In paragraph 50 of its complaint, plaintiff contended the actual controversy between the Trust and the Meyer siblings was over whether testatrix's will as amended by the first and second codicils created a lifetime or long-term leasehold interest in the Trust's farmland for the Meyer siblings. In its motion for judgment on the pleadings, Shriners defendants asserted the Trust as a matter of law did not create a long-term or lifetime leasehold for the Meyer siblings. The Meyer siblings filed a response, asserting the will gave them a lifetime leasehold in the Trust's farmland. Plaintiff also filed a response to Shriners defendants' motion for judgment on the pleadings and asserted for the first time the farm lease does not give the Meyer siblings a

lifetime leasehold and the testatrix's will should not be considered because it is extrinsic evidence. Plaintiff did not amend its declaratory judgment action to allege an actual controversy between it and the Meyer siblings over the interpretation of the farm lease. Shriners defendants sought a judgment on the pleadings in favor of plaintiff's declaratory judgment complaint. Thus, Shriners defendants are limited to the controversy set forth in the complaint, which is based on the interpretation of the will and not the lease.

¶ 32                                    2. *Testatrix's Will*

¶ 33        When construing a will, a court's primary objective is to ascertain and give effect to the testator's intent. *In re Estate of White*, 2020 IL App (4th) 190385, ¶ 11. " 'A testator's intent is most clearly evidenced by considering the plain, ordinary meaning of the words used within the four corners of the entire instrument itself.' " *White*, 2020 IL App (4th) 190385, ¶ 11 (quoting *Ernest v. Chumley*, 403 Ill. App. 3d 710, 714, 936 N.E.2d 602, 606 (2010)). Moreover, the "will and all codicils are to be 'read together as one instrument of the date of the execution of the last codicil.' " *Knight v. Bardwell*, 32 Ill. 2d 172, 175, 205 N.E.2d 249, 251 (1965) (quoting *Jackman v. Kaspar*, 393 Ill. 496, 511, 66 N.E.2d 678, 686 (1946)). "When presented with alternative constructions of a will or trust instrument, the preferred construction is that which will give effect to all provisions and which will ascribe meaning to the testator's or settlor's language viewed in the context of the dispositive plan reflected in the instrument." *Duvall v. LaSalle National Bank*, 177 Ill. App. 3d 770, 772, 532 N.E.2d 974, 975-76 (1988).

¶ 34        Paragraph (B)(3)(j) of the Trust, which was added by the second codicil to the testatrix's last will and testament, *directs* the trustee to rent the farm to the Meyer siblings on the conditions and terms similar to those in effect at the time of testatrix's death and under the following two conditions: (1) the Meyer siblings to whom the land is rented are personally

farming the ground themselves and (2) they are following good farming practices to be determined by the trustee. The plain language of paragraph (B)(3)(j) does not use precatory language and clearly directs the trustee to rent the farmland to the Meyer siblings if the two conditions are met. If the farmland is not in the Trust, then the trustee has nothing to rent to the Meyer siblings. The paragraph does not contain any language indicating the directive to rent to the Meyer siblings runs with the farmland held in the trust. It also does not contain any language granting the Meyer siblings any type of life tenancy in the Trust's farmland.

¶ 35        Other relevant provisions in the Trust are paragraph (B)(3)(b), which allows the trustee to sell any real property of the Trust, and paragraph (A)(6), which prohibits the Trustee from making distributions that subject the Trust to tax under section 4942 of the Internal Revenue Code (26 USC § 4942 (1988)). Reading the Trust as a whole, it is clear the trustee may sell all or part of the farmland in the Trust without limitations. Whatever farmland is sold is no longer Trust property, and thus the trustee is neither obligated nor would it have the authority to rent the farmland that has been sold to the Meyer siblings. Moreover, the Trust language requires the trustee to avoid taxes under section 4942 of Internal Revenue Code, which plaintiff asserts is the basis for its desire to sell some of the farmland. Thus, the Trust language created by the codicils to testatrix's will allows the trustee to sell the farmland without any limitations to comply with paragraph (A)(6), requiring the trustee to avoid paying taxes under section 4942 of the Internal Revenue Code.

¶ 36        Accordingly, we agree with the circuit court's conclusion testatrix's will with its codicils did not grant the Meyer siblings a long-term or lifetime leasehold interest in the Trust's farmland. Thus, the first declaration in the circuit court's declaratory judgment was proper.

¶ 37        In addition to the declaration the Meyer siblings do not have a lifetime leasehold

in the Trust's farmland, the circuit court also declared the following:  (1) the current lease between the Trust and Daniel was for one year, expired on March 1, 2020, and could be terminated or nonrenewed in accordance with its terms and (2) any sale of the Trust's farmland is subject only to the farm lease's current term, which ends on March 1, 2020, and the lease may be terminated thereafter.  However, as previously stated, plaintiff did not plead a controversy related to the farm lease itself.  Thus, the circuit court should not have addressed the farm lease in its declaratory judgment.  Accordingly, we vacate the circuit court's second and third declarations in its January 2020 judgment.  See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994).

¶ 38                                III. CONCLUSION

¶ 39           For the reasons stated, we affirm in part and vacate in part the Douglas County circuit court's judgment.

¶ 40           Affirmed in part and vacated in part.